## JO ROBINSON

*v.*

## WILSON K. BROWN *et al*.

82   279
160   137
82   279
75a 224
82   279
86a 389
82   279
205  ² 84
82   279
211  ⁵618

1. PRACTICE—*rendering final judgment with plea unanswered.* Although it is irregular to proceed to final judgment against a defendant while any one of the pleas remains unanswered, yet, by going to trial in such a case without demanding to have the pleas answered, he waives the objection, and can not assign the want of replications as error in the Supreme Court.*

2. JUDGMENT—*against a portion of several defendants.* A finding by the court that one of several defendants has been adjudged a bankrupt, and rendering judgment against the other defendants, and not against him, is virtually a judgment in his favor.

3. PRACTICE IN SUPREME COURT—*plaintiff can not assign error which does not affect him.* A plaintiff in error can not assign an error committed against his co-defendant in the court below, when his rights are not affected thereby.

4. EVIDENCE—*record of judgment.* It is not necessary to prove that the record book of a court is such record, when offered in evidence in such court. The court will take judicial notice of its own record books, and they prove themselves when offered in evidence in such court.

5. LEVY—*on real estate not a satisfaction.* A levy upon real estate is not, like a levy upon personal property, a *prima facie* satisfaction of the execution.

*See *Richeson* v. *Ryan et al.* 15 Ill. 13, and cases there cited.

6. RECORD—*of court can not be changed at subsequent term.* A court has no power to change its judgment in any material respect at a subsequent term.

7. SALE ON EXECUTION—*former levy not ground for setting aside.* The fact that a levy on real estate was made under an execution issued on the original judgment, and not disposed of, is not a sufficient reason for setting aside a sale under a subsequent execution issued upon a revival of the judgment by *scire facias.*

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. ALFRED C. DUFF, for the plaintiff in error.

Mr. H. H. HARRIS, for the defendants in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a *scire facias,* to revive a judgment rendered at the August term, 1859, of the circuit court of Saline county, brought by Wilson K. Brown against John S. Eubanks, William G. Sloan, Moses P. McGehee and Jo Robinson, to the November term, 1874, of said court.

The defendants were all served except Eubanks.

At the return term, Sloan pleaded bankruptcy, *nil debet,* and *nul tiel record.* Robinson filed pleas of *nil debet, nul tiel record,* partial and full payment. A demurrer was sustained to the pleas of *nil debet,* and overruled to the other pleas. There do not appear to have been any replications filed to these latter pleas, but the record shows that the parties, by agreement, submitted the issue in the cause to the court, and after hearing the evidence, the court rendered judgment against the defendants, Robinson and McGehee, for $67.82, the amount remaining unpaid of the original judgment for $283.05, with interest, after having deducted the sum of $270, which had been made on execution. Sloan was found to be a bankrupt, and that he had been adjudged to be such under the general bankrupt law.

Robinson appealed to this court.

It is insisted that the court below erred in proceeding to final judgment while any one of the pleas remained unanswered.

Although this was irregular, it was held, in *Bunker et al.* v. *Green*, 48 Ill. 243, that, by going to trial in such a case, without demanding to have the pleas answered, the defendants waived the objection, and could not assign the want of replications as error in this court, especially when it did not appear, as here, that any injury resulted therefrom. It is objected, too, that the court erred in not making any disposition of the case as to the defendant Sloan, and in not defaulting McGehee, who had failed to plead. In finding that Sloan had been adjudged a bankrupt, and not rendering judgment against him, there was virtually a judgment in his favor. The plaintiff in error, Robinson, can not assign errors committed against a co-defendant, where his rights, as in this case, are not affected by the error. *Greenman et al.* v. *Harvey*, 53 Ill. 387.

There is nothing in the objection that the court admitted the former judgment in evidence without proof being made that the same was the record of a judgment. The judgment was read in evidence from the record book of the same court hearing the cause, of which the court took judicial notice, and it proved itself.

We perceive no foundation for the objection that the judgment was for a greater amount than was remaining due.

Objection is taken to the form of the judgment, it being for $67.82, with an order that execution issue therefor. As a judgment reviving a former judgment, it might have been in a more approved form, but we regard it as substantially sufficient. Taking the entire record, it appears sufficiently that the judgment was one of revival of a former judgment, and that it was not an independent, original judgment.

It is claimed, further, that the judgment was erroneous, because there had been a levy of an execution upon the original judgment on real estate, which levy had not been disposed of.

A levy upon real estate is not, like a levy upon personal

property, a *prima facie* satisfaction. *Gregory et al.* v. *Stark et al.* 3 Scam. 611; *Gold* v. *Johnson,* 59 Ill. 63. The subsisting prior levy did not form a bar to the revival of the judgment.

There was a motion made by Robinson, at a subsequent term of the court, to change the judgment and to set aside a sale under an execution thereon, of certain real estate which had been made to one Mitchell. The overruling of this motion is assigned as error. The court had no power, at a subsequent term, to change the judgment in any material respect. *Cook* v. *Wood,* 24 Ill. 295.

There were various extrinsic alleged reasons for setting aside the sale, which rested solely upon the unsworn statement contained in the motion, being unsupported by any showing whatever of evidence. One ground of the motion was, the subsisting levy on real estate which had been made under the prior execution on the original judgment. However that might have been as ground for staying proceedings under the subsequent execution and levy until the previous levy had been disposed of, it was not sufficient reason for setting aside the sale which had already been made under the subsequent levy. *Gold* v. *Johnson, supra.* We find no error in overruling this motion.

The judgment will be affirmed.

*Judgment affirmed.*