# JOHNSON MILLARD
## v.
# JOHN COOPER.

1. AMENDMENT OF RECORD.—The circuit court has power to cause an amendment to be made to its record so that the record shall speak the truth and it may order such amendment to be entered *nunc pro tunc*, but it can add nothing to the record.

2. AMENDMENT MUST BE FROM MINUTES OF THE JUDGE.—The judgment actually pronounced by the court can only be made to appear by the amendment, and such amendment can be made only in case there were some minutes of the judge by which the record can be amended.

3. EFFECT OF AMENDMENT.—The amendment only makes apparent what existed before; the judgment is a unit. So, where an appeal was taken from a judgment imperfectly entered, such judgment included all that was then entered of record and the amendment.

4. AMENDMENT NUNC PRO TUNC AFTER REVERSAL—APPEAL NUNC PRO TUNC.—Where an appeal to this court was taken from a judgment imperfectly entered, and the cause is reversed because there was no proper judgment to appeal from, and upon remanding, the judgment was amended *nunc pro tunc*, and a second appeal allowed *nunc pro tunc*, this court will not consider the merits of the case on such second appeal. The former judgment of reversal is still in force, and there cannot be two appeals from the same judgment.

5. REHEARING ON AMENDED RECORD.—Parties have ample opportunity in this court to procure an amendment to the record, but by allowing a cause to go to hearing upon an imperfect record, they cannot be allowed to procure a rehearing of the case by bringing up an amended record after the cause had been remanded and filed in the court below.

APPEAL from the Circuit Court of Lake county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed January 19, 1882.

Mr. CHARLES WHITNEY, for appellant; as to the rule of construction of nuncupative wills, cited Arnett v. Arnett, 27 Ill. 247; Morgan v. Stevens, 78 Ill. 287.

The provisions of the statute relating to nuncupative wills must be strictly construed: Morgan v. Stevens, 78 Ill. 287; Bronson v. Burnett, 1 Chand. 131; Tarnall's Will, 4 Rawle, 46; Woods v. Riley, 27 Miss. 119; Hans v. Palmer, 21 Pa. 291;

Ridley v. Coleman, 1S need, 616 ; Lucas v. Goff, 33 Miss. 629; Dawson's appeal, 23 Wis. 69; 1 Redfield on Wills, 187; 2 Blackstone's Com. 501.

The very words of the testator should be proved : 1 Redfield on Wills, 201; Prince v. Hazelton, 20 Johns. 501.

As to the power of the court to amend its records: Lill v. Stookey, 72 Ill. 495; Robinson v. Brown, 82 Ill. 279; Becker v. Sauter, 89 Ill. 596; Goucher v. Patterson, 94 Ill. 525.

Mr. E. M. HAINES and Mr. H. C. IRISH, for appellee; upon the power of the court to amend its records, cited Rev. Stat. Chap. 7, § 7; Coughran v. Gutchens, 18 Ill. 390; Church v. English, 81 Ill. 442; Gillett v. Booth, 6 Bradwell, 423; Same case, 95 Ill. 183.

As to the sufficiency of the words testified, to constitute a nuncupative will: Rev. Stat.. 1,104, § 15; Weir v. Chidester, 63 Ill. 453; Harrington v. Stees, 82 Ill. 50.

LACEY, J. This was a suit in the circuit court on appeal from an order of the county court, refusing to admit to probate the alleged nuncupative will of Eliza Jones' deed, by which will John Cooper was made the sole legatee. On the 18th and 19th days of March, A. D. 1879, the issue as to the validity of the will was tried by the court and a jury, William Wigham and appellant, John Millard, being the contestants. The verdict of the jury was that the paper purporting to be the last will and testament of Eliza Jones was her last will and testament, and as such, was entitled to probate; upon such verdict the court rendered judgment, after overruling motion for new trial that the paper, writing, and contents thereof, presented and offered in evidence as the last will and testament, nuncupative of Eliza Jones' deed be held and taken as and for the last will and testament as found by the jury, theretofore empaneled, and that as such the same be admitted to probate, and that the cause be remanded to the county court for probate accordingly; and that said proponent have and recover of said contestants, William Wigham and Johnson Millard, his costs and charges in the court below as in this court expended,

Millard v. Cooper.

and that he have execution therefor, from which order and judgment an appeal was taken to this court. But by some mistake of the clerk, the judgment of the circuit court was not fully entered, but only the following portion of it, to wit: "It is therefore ordered that the said proponent have and recover of said contestants, William Wigham and Johnson Millard, his costs and charges as well in the court below as in this court expended, and that he have execution therefor." When the transcript of the record was filed in this court at its June term, A. D. 1880, only the last recited portion appeared to be the judgment of the court below. No suggestion of diminution of the record was made by either party, or motion made for certiorari to bring up a certified copy of a complete record.

We did not consider at that time the merits of the case, thinking them not necessarily involved, for reasons given in the opinion of the court, appearing on page 420, of 6 Vol. Bradwell's Reports, and reversed the judgment and remanded the cause. Since that time, at the March term of A. D. 1881, upon application, the court below ordered the record to be amended in respect to the judgment, to make it conform to the one actually rendered at the March term of 1879, but not fully recorded by the clerk, and the clerk entered the amendment of record, as we have shown. From the order and judgment allowing the amendment, appellant prayed an appeal to this court, which was granted by the court below. The court on granting the order of amendment, ordered that the same be made *nunc pro tunc*, and at the same time allowed and entered an appeal by the contestant *nunc pro tunc*, as of March 29, 1879, from the judgment so amended and ordered, that the appeal prayed and allowed be considered as an appeal from entire proceedings in the cause, and with like effect as if taken on the 29th day of March, A. D. 1879. A transcript of the entire record is filed here, and we are asked to review the merits of the case, and determine whether the court below committed any error in rendering the judgment at the March term, 1879, and also whether there was any error committed in allowing the amendment.

It will be necessary to consider first what effect the judgment of reversal by this court, had on the judgment of the court below, rendered at the March term, A. D. 1879, before as well as after the amendment. The circuit court had power to cause an amendment to be made to the record, so that the record should speak the truth, and to order the amendment to be entered, *nunc pro tunc*, but could not add anything to it.

The judgment actually pronounced by the court from the bench, could only be made to appear by the amendment, and that only in case there were some minutes of the judge by which the record could be amended. This is the only power the court has over its judgment and records after the expiration of the term at which the entries were made. Troutman v. Hills, 5th Bradwell, 396; Gillett v. Booth, 95 Ill. 183; Church v. English, 81 Ill. 442; Robinson v. Brown, 82 Ill. 279.

The judgment as amended, in contemplation of law, existed as fully at the time it was pronounced at the March term, 1879, as it did after the amendment.

The amendment only made apparent what existed before. The judgment was a unit. Two judgments have not been entered. The appeal of March, 1879, was taken from the judgment then rendered, which included all that was then entered of record and the amendment.

That judgment of reversal rendered by this court, is still in force. There can be no two appeals from the same judgment. The fact that the former record in the case filed in this court did not show the judgment as it actually was, can make no difference now.

Had the record been the same then as now, we should have considered the case on its merits, but as it appeared then we did not think it necessary to do so. Parties had ample opportunity to procure the amendment, but by allowing the cause to go to hearing on an imperfect record, they cannot be allowed to procure a rehearing of the case by bringing up an amended record.

The fact that the appellant has not obtained a consideration of the cause on its merits is entirely due to the imperfect state of the record that was first sent here. There is nothing then

for us to consider but the action of the court below, in entering the order of the amendment, from which the present appeal is taken.

It will be seen from the view we take of the case, that there was no judgment of circuit court in force to which an amendment could be made. It would be useless and improper to amend a judgment already reversed, and when the cause stood for trial under the remanding order of this court. The order therefore of the court below in ordering and allowing the amendment, is reversed, and the cause again remanded.

Order reversed.