India Rubber Company v. C. J. Smith & Sons Co.

India Rubber Company v. Charles Flint.

1. EQUITY—*Consolidation of Suits Where Subject-matter is Substantially Identical.*—Orders consolidating suits in equity are to be commended where justified by the facts, and even where there is no motion by either party, a court may properly order consolidation when the substantial identity of the subject-matter of two causes comes to its knowledge.

2. APPEALS AND ERRORS—*From Interlocutory Orders—Order Directing a Sheriff to Turn Over Property to a Receiver.*—An order directing a sheriff to turn over property levied on by him under an execution, to a receiver, is only an interlocutory order from which no appeal will lie. The only interlocutory orders from which appeals will lie are those granting injunctions and appointing receivers.

3. SAME—*A Party Held Not Affected by an Order and Not Entitled to Appeal.*—A judgment creditor whose execution has been levied upon the property of his debtor has no right of appeal from an order appointing a receiver of the property of his debtor, where such order in no way interferes with the title or possession of the officer, as he is not injured thereby.

In Equity.—Interlocutory orders appointing a receiver and consolidating causes. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1897. Affirmed. Opinion filed April 8, 1898.

FERGUSON & GOODNOW and DAVID S. GEER, attorneys for appellant.

GILBERT & GILBERT and RICHARD H. MATHER, attorneys for appellees; HERRICK, ALLEN, BOYESEN & MARTIN and HOYNE, FOLLANSBEE & O'CONNOR, of counsel.

MR. JUSTICE HORTON DELIVERED THE OPINION OF THE COURT.

This is an appeal from orders in each of said causes appointing a receiver, and from an order of consolidation.

As to the order consolidating, not only was it not erroneous, but such orders are to be commended. Even if there had been no motion by either party, it would have been the duty of the court to have ordered the consolidation when the substantial identity of the subject-matter of the two cases came to its knowledge. Woodburn v. Woodburn, 23 Ill. App. 296.

By an order entered February 8, 1898, the Circuit Court directed the sheriff to turn over to the receiver certain property in his possession which he had levied upon under executions against the principal defendant. Appellant argues at length against the correctness of that order. There are two reasons why this court can not now determine as to the correctness of such order, viz.:

1st.  It is not appealed from.

2d.  It is only an interlocutory order from which no appeal lies. The only interlocutory orders from which appeals lie are those granting injunctions and appointing receivers, and that is only by special statute. Pease v. Waters & Co., 66 Ill. App. 359.

The orders appealed from direct "That Chicago Title & Trust Company be appointed receiver of said corporation, Warman-Schub Cycle Manufacturing Company, with the usual duties of receivers in such cases." The appellant was a judgment creditor of said Cycle Company, and had caused execution to be levied upon the assets of the Cycle Company before said order appointing a receiver was entered. The sheriff of Cook county was in possession of the property levied upon, but is not a party to either of the bills of complaint set out in the record. It does not appear whether he is a party to the other bill of complaint, which this record shows to have been filed in the Circuit Court in regard to the same subject-matter, and under which the same receiver was also appointed. That other bill of complaint is omitted from the præcipe for a transcript filed by appellant, and is therefore not in the record filed in this court.

The orders appealed from do not in any manner interfere with the title or possession of the sheriff. The orders that the receiver be appointed "with the usual duties of receivers in such cases" do not affect any rights or interests of the appellant. The appellant corporation does not appear to have any interest in any property, choses in action or rights which would pass or be vested under said orders appointing the receiver. That such was understood and intended by the court below, as well as by the solicitors, is shown by the fact that afterward and by an order *not appealed from*, the sheriff is directed to turn over to the receiver the property in his hands under said execution. The correctness of said last mentioned order can not be reviewed on this appeal. The appellant has no right of appeal from the orders appointing a receiver, as it is not injured thereby. Stone v. Wood, 85 Ill. 603; Clark v. Marfield, 77 Ill. 258; Robinson v. Brown, 82 Ill. 279.

It is quite unnecessary to further consider the one hundred and two errors assigned upon this brief record. The orders of the Circuit Court appointing a receiver and consolidating said causes are affirmed.