# Fries v. Wiser, Appellant.

*Negligence—Husband and wife—Injuries to wife—Consolidation of actions—Amount in controversy—Municipal Court—Jurisdiction—Act of May 8, 1895, P. L. 54.*

The Municipal Court has jurisdiction over a suit brought by a husband and wife to recover damages for injuries to a wife, although each of the plaintiffs claim fifteen hundred dollars. The Act of May 8, 1895, P. L. 54, consolidating the two rights of action in one suit, keeps separate the independent causes of action, and provides for the rendition of separate verdicts, and the entry of separate judgments.

*Municipal Court of Philadelphia—Courts—Capias—Summons—Improper practice—Trial on merits.*

Where a husband and wife bring a suit in the Municipal Court for personal injuries to the wife resulting from assault and battery, and instead of issuing a summons, file a petition for a capias, setting forth the facts, and after the arrest of the defendant, file a formal statement to which the defendant answers, and the case by agreement is tried by the court without a jury, the defendant cannot complain, after a judgment against him, that the court had never acquired jurisdiction of his person, and that therefore the judgment was invalid.

Argued Oct. 15, 1915. Appeal, No. 101, Oct. T., 1915,

by defendant, from judgment of Municipal Court, Philadelphia Co., Dec. T., 1914, No. 431, for plaintiff on case tried by the court without a jury in suit of Catharine Fries v. Louis E. Wiser. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries to Catharine Fries resulting from assault and battery. Before KNOWLES, J.

From the record it appeared that the suit was begun by a capias issued upon a petition setting forth the facts. After the defendant's arrest, plaintiffs filed a formal statement in which each claimed damages in the sum of fifteen hundred dollars, making three thousand dollars in all. The defendant filed an answer. Subsequently the case was tried by agreement of the parties without a jury. The court found in favor of the plaintiff, Catharine Fries, in the sum of three hundred and fifty dollars. Subsequently the defendant moved in arrest of judgment, filing the following reasons:

(1) The Municipal Court has no jurisdiction of the action which was instituted by the issuance of a capias ad respondendum.

(2) The Municipal Court has no jurisdiction of the cause because no statement of the plaintiffs' claim was filed by the plaintiffs at the time they began this action.

(3) The Municipal Court has no jurisdiction of the cause because the total amount of damages demanded by the plaintiffs in the statement of claim was $3,000.00.

The motion was dismissed.

*Error assigned,* among others, was in dismissing the motion to arrest judgment.

*Stanley Folz,* with him *Leon H. Folz,* for appellant.— That the Municipal Court is a court of jurisdiction limited by the terms of the act of assembly creating it,

in which the practice and procedure are regulated by the provisions of that act, is recognized in all the reported decisions upon the Municipal Court Act: Rotan's Petition, 23 D. R. 110; Philadelphia & Reading Ry. Co. v. Walton, 23 D. R. 535; Philadelphia & Gulf Steamship Co. v. Clark, 59 Pa. Superior Ct. 415.

A question somewhat similar to that in the present case was raised under the Allegheny County Court Act in Commonwealth v. Lewis, 60 Pittsburgh L. J. 676.

Inasmuch as the plaintiffs here sought to recover a total of $3,000.00 the court lacked jurisdiction for the reason that "the sum demanded by the plaintiff" exceeded the jurisdictional limit of $1,500.00

*Warren C. Graham,* for appellee.

OPINION BY HEAD, J., March 1, 1916:

We entertain no doubt the subject-matter of the litigation was within the jurisdiction of the Municipal Court. The plaintiffs were husband and wife. The gravamen of the complaint was an injury to the person of the wife alleged to have been wrongfully inflicted by the defendant. If that were true, a right of action accrued to her and as well a separate and distinct right to her husband. Before the passage of the Act of May 8, 1895, P. L. 54, each could have maintained a separate action and recovered a separate verdict and judgment. Had two such actions been brought, the fact the plaintiff in each claimed the sum of fifteen hundred dollars in damages would not have ousted the jurisdiction of the Municipal Court. The statute referred to provided for a consolidation of two such actions for the purposes of trial and declared that "these two rights of action shall be redressed in only one suit brought in the names of the husband and the wife." The statute still keeps separate the independent causes of action and provides for the rendition of separate verdicts and the entry of separate judgments. The statute has been declared to be

constitutional and its provisions relating to the consolidation of the two actions mandatory: Rockwell v. Consolidated Traction Co., 187 Pa. 568; Donoghue v. Traction Co., 201 Pa. 181.

If then the subject-matter was within the jurisdiction of the Municipal Court, did that court acquire jurisdiction of the person of the defendant? If it did, he was bound by the judgment that was entered. He contends, however, such jurisdiction of his person was never acquired primarily because a writ of capias was issued, whereas the Municipal Court requires the issue of a summons. The proper determination of the question of jurisdiction on this branch of the case necessitates the recital of some of the facts appearing in the record. The first paper filed by the plaintiffs or either of them was in the nature of a petition setting forth the facts, supported by affidavit, on the strength of which the plaintiffs' counsel filed a præcipe for a capias. The clerk issued the capias. The defendant was arrested and one of the judges of the Municipal Court fixed his bail at the sum of five hundred dollars. The defendant, by his counsel, then filed a motion, in turn supported by affidavit, for the quashing of the writ of capias and a rule to show cause issued. After a hearing the rule was discharged. The plaintiffs then filed a more formal statement of claim. The defendant filed an answer going to the merits of the case in every respect but renewing his claim the court was without jurisdiction. Both parties then waived their right to a trial by jury and agreed the case should be tried before one of the judges of the court. The parties went to trial, testimony was taken on both sides, requests for findings of law and fact were presented and argued and the trial resulted in a finding in favor of the plaintiff, Catharine Fries, and a judgment followed. The learned counsel for defendant now urges this court to reverse and set aside that judgment on the ground the Municipal Court never acquired jurisdiction of his person.

If this contention were sound, it would necessarily fol-

low that if the trial had resulted in a general verdict for the defendant, his judgment would have been a vain and useless thing.   The plaintiffs could have immediately begun another action and the alleged judgment could not have been pleaded in bar of the second action.   We are not convinced the public courts may be so easily converted into places merely for intellectual exercise.   We may concede, for the purposes of this opinion, the wrong writ was issued by the clerk of the Municipal Court. The petition filed by the plaintiffs might well enough satisfy the requirement of the statute as to a statement of claim.   It contained every fact embraced in the more formal statement filed later on.   If the defendant's position were sound, his business with that court was ended when his motion to quash the writ was denied.   Not being properly in court, any judgment thereafter entered against him would have been obviously void and his appeal from such judgment, when entered, would at once have corrected the error.   But it has been often held in Pennsylvania that a party litigant cannot at the same time be out of court and in it.   A party may not take his chance on obtaining a judgment in his favor in a court that he declares to be without jurisdiction and thereafter be heard to assert such lack of jurisdiction.   This court, in the case of Commonwealth, ex rel., v. Parker, 59 Pa. Superior Ct. 74, had occasion to go into this question with some care.   We there followed two very recent cases on the subject in which the opinions of the court were rendered respectively by Mr. Justice MESTREZAT and Mr. Justice STEWART.   In the former case, McCullough v. Railway Mail Assn., 225 Pa. 118, it was said:—"If a defendant wishes to attack the regularity or sufficiency of the service of the writ, or question the jurisdiction of the court, without submitting to the jurisdiction for the trial of the cause on its merits, he may do so by entering an appearance de bene esse......He cannot deny the jurisdiction of the court and at the same time defend the

cause upon its merits which implies a submission to its jurisdiction." In the still later case, Swecker v. Reynolds, 246 Pa. 197, it was said: "It is a rule which obtains in most jurisdictions that any action on the part of the defendant, except to object to the jurisdiction, which recognized the case as in court, will amount to a general appearance......It is obviously just and fair that if a party wishes to insist on the objection that he is not in court he must keep out for all purposes except to make that objection." We do not think the earlier case of Williamson v. McCormick, 126 Pa. 274, is in conflict with the cases just cited. If it were, its authority could not be relied on to overthrow these later and emphatic utterances of the same court.

We are of opinion the Municipal Court had jurisdiction as well of the person of the defendant as of the subject-matter, and this being true, the record presents no ground on which we could with propriety interfere with the judgment entered. The assignments of error are overruled.

Judgment affirmed.