## COOPER et al. v. AMERICAN STORES CO.

District Court, E. D. Pennsylvania.   April 20, 1928.

No. 12966.

Removal of causes ⟨⟩74—Consolidated causes by different plaintiffs for loss of services and personal injuries held separable, in determining amount involved as affects removal (Pa. St. 1920, § 34).

Causes of action by father and daughter for loss of services and for personal injuries consolidated by virtue of Act Pa. May 12, 1897 (Pa. St. 1920, § 34), *held* separate and distinct as respected amount involved in determining jurisdiction of federal court.

At Law. Action by Alice Cooper, by her next friend and father, John Cooper, and others, against the American Stores Company, removed from the state court. On motion to remand. Case remanded.

Wilson & McAdams, of Philadelphia, Pa., for plaintiffs.

Richard A. Smith, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.   In this case the plaintiffs, father and daughter, sued in one action, the father for medical expenses and loss of services, and the daughter for personal injuries. The father's claim was for $1,500, and the daughter's claim for $2,900. On petition of the defendants, the case was removed to this court, and is now before us on a motion to remand.

The two causes of action were consolidated by virtue of the Pennsylvania Act of May 12, 1897 (Pa. St. 1920, § 34), which provided that, "whenever any injury, not resulting in death, shall be wrongfully inflicted upon the person of a child, and a right of action for such wrongful injury accrues to the child and also to the parent, these two rights of action shall be redressed in only one suit, brought in the names of the parent and the child." In Fries v. Wiser, 62 Pa. Super. Ct. 218, it was held that a similar act providing for the consolidation of separate rights of action of husband and wife, arising from an injury to the person of the wife, did not operate to merge the separate causes of action. The following language of the court in that case is applicable here: "The statute referred to provided for a consolidation of two such actions for the purposes of trial, and declared that 'these two rights of action shall be redressed in only one suit brought in the names of the husband and the wife [here the parents and child].' The statute still keeps separate the independent causes of action and provides for the rendition of separate verdicts and the entry of separate judgments."

We have here two actions which for purposes of convenience are directed by the law to be tried at the same time. Except for the coincident trial, however, they are separate and distinct. The suit proceeds to separate verdicts and judgments. The parties have no common, undivided interest in the claim as was in the case of Shields v. Thomas, 17 How. 3, 15 L. Ed. 93, nor can it be said as in that case that it was perfectly immaterial to the defendant how the judgment was shared among the plaintiffs. In an action by parent and child, particularly in the case

of an infant, the parent might be held guilty of contributory negligence and recovery denied while a verdict in favor of the child might be sustained.

In view of the foregoing, I find that this court has no jurisdiction, and direct that the case be remanded.