### NATIONAL UNION FIRE INS. CO. et al. v. CHESAPEAKE & O. RY. CO.
### SEESE v. SAME.
### No. 744.

District Court, E. D. Kentucky.
May 5, 1933.

John J. Winn and Reid Prewitt, both of Mt. Sterling, Ky., for plaintiffs.

W. B. White, of Mt. Sterling, Ky., G. C. Ewing, of Owingsville, Ky., and Hunt & Bush, of Lexington, Ky., for defendant.

**ANDREW M. J. COCHRAN,** District Judge.

These two actions are before me on plaintiffs' motions to remand to the state court, whence they were removed by defendant. The plaintiff Rosamond M. Seese was the owner of a dwelling house and the household and kitchen furniture therein in Salt Lick, Bath county, in this district, through which defendant's railroad runs. The house and its contents were totally destroyed by fire September 7, 1930. At that time she had an insurance policy on the house and its contents with the plaintiff National Union Fire Insurance Company in the sum of $3,000. Thereafter, just when not appearing, it paid the plaintiff Seese $3,000 in satisfaction of its liability on the policy. On September 22, 1932, over two years after the fire, these two actions were brought against the defendant to recover damages on account of the fire. In each the damages claimed were $3,000, an amount less than that of which this court has jurisdiction. The actions seemed to have been brought in the order given in the caption of this opinion. The amount sought to be recovered in the first action was the amount which the plaintiff insurance company had paid in satisfaction of its policy. The right to recover same was based on the claim that such plaintiff was subrogated to the right of the plaintiff Seese to the extent of the amount so paid and she was joined as plaintiff for its use and benefit. No allegation was made as to the value of the property destroyed and no reference was made in the petition as to any action by the plaintiff Seese. In the petition in her action it was alleged that she carried a policy for $3,000 with plaintiff on the property destroyed which had been paid and that such property was worth $3,000 over and above the amount so paid for which recovery was sought. No reference was made to the bringing of the other action.

There was but a single cause of action against the defendant for the damages sustained by the fire and that in favor of the plaintiff Seese, the owner of the property. The plaintiff insurance company had a right, perhaps, to join as plaintiff in the action on account of its interest in the recovery to the extent of $3,000. The cause of action was split and the two actions were brought to prevent a removal to this court. This is not avowed by plaintiffs or alleged by defendant in its petition for removal. But there can be no doubt that such was the case. There is no

other explanation for the course pursued. That this procedure was illegal is well settled.

In 26 C. J. p. 464, it is said: "Where insurer by payment of the insurance money becomes subrogated to the remedy of the insured against a person whose wrongful or negligent act has caused destruction of the insured property by fire, the question as to who may or must bring the action against the wrongdoer becomes important, the wrongful act of such third person being indivisible and giving but one cause of action. The general rule of law is that in such a case the insurer must work out his remedy through the insured and assert his right to recover against the wrongdoer in the name of the insured." As to the law where the loss exceeds the insurance, as here, on page 466 it is said: "When the loss exceeds the amount of the insurance, so that payment under an insurance contract constitutes but a partial satisfaction of the damages sustained leaving a residue to be made good to the wrongdoer, a question has arisen as to whether the action against the wrongdoer for the recovery of the portion paid by the insurer should be undertaken in the name of the insurer or insured. The tendency of the courts seems to be to hold that the action must be brought in the name of the insured and that the insurer is not a necessary party."

Again it is said: "Insured may sue for his own benefit and for the benefit of the insurer the wrongdoer for the loss caused by the wrong; and where the action is brought by the insured in his own name against the wrongdoer to recover the full amount of the loss he sustains toward the insurer the relation of trustee, in respect of such portion of the amount recovered as the former under his contract has been compelled to pay." And again it is said: "Conversely, where the action is brought by the insurer in the name of the insured, or in his own name when permitted to do so, to enforce his right acquired by subrogation on having paid the insurance money, if the insured has sustained loss beyond that paid by insurer, the entire liability of the wrongdoer, can be determined in the suit, and if the insurer in such case recovers a judgment, he may retain the sum which he has paid the insured and interest thereon, the balance of the money so collected being the property of the insured." Still further it is said: "Under the practice in some jurisdictions, on the theory that the insured and the insurer after payment of the insurance become joint owners of the cause of action against the wrongdoer, each should be made a party to the action either as plaintiff or defendant according to the exigencies of the case."

According to these quotations, therefore, where the loss exceeds the insurance there is. but a single cause of action and but one action should be brought. No right to split the cause of action and to bring two actions, one by the insurance company for the amount paid by it, and the other by the insured for the excess value of the property destroyed over and above such payment, exists. In Norwich Union Fire Ins. Soc. v. Standard Oil Co. (C. C. A.) 59 F. 984, 987, the leading federal authority on the subject, it is said: "When an insurance company pays to the assured the amount of a loss of the property insured, it is subrogated, in a corresponding amount, to the assured's right of action against any other person responsible for the loss. This right of the insurer against such other person is derived from the assured alone, and can be enforced in his right only. At common law it must be asserted in the name of the assured. In a court of equity or of admiralty, or under the modern codes of practice, it may be asserted by the insurance company in its own name, when it has paid the insured the full value of the property destroyed. * * * But the rule seems to be well settled that, when the value of the property exceeds the insurance money paid, the suit must be brought in the name of the assured. * * * In such an action the assured may recover the full value of the property from the wrongdoer, but as to the amount paid him by the insurance company he becomes a trustee." It is further said: "The wrongful act is single and indivisible and can give rise to but one liability."

I know of no Kentucky decision to the contrary of the law as thus laid down, and I am satisfied that there is none. The question has frequently arisen as to whether where a person and his property are injured at the same time and by the same wrong, separate actions may be brought for each injury or a single one for both. The majority of the courts hold that but a single action shall be brought for both injuries. The Kentucky Court of Appeals' position is that of the majority. In the case of Cassidy v. Berkovitz, 169 Ky. 785, 185 S. W. 129, 130, it is said: "The injuries to appellee and to his horse and wagon were, the result of the same accident, and constituted but a single cause of action against the defendants which could and should have been included in one action against them. It is against the policy

of the law to permit a plaintiff to split his cause of action and institute two or more actions for different parts thereof, and it is a well-established principle that, where a plaintiff has filed a suit and had trial upon a cause of action, the judgment rendered therein is a bar to another proceeding based upon the same cause of action; that it was his duty in one action to set up all items of damages which resulted to him from the accident." Of course if but a single cause of action exists in such a case which cannot be split, a single cause of action for a single injury cannot be split. It is clear, therefore, that no right existed to bring these two actions. But a single action should have been brought.

I proceed now with a narration of the proceedings in the state court. On the first day of the next October term of the court answer was due from the defendant in each action. In the Seese action it filed a special demurrer on the ground of defect of parties. No further steps were taken therein at that term. Nor were any steps whatever taken at that term in the action of the insurance company. The next steps taken in either action were at the next February term, February 17, 1933, the fifth day of that term. On that day defendant filed its answer and plea in abatement in the insurance company case, defendant's special demurrer to the petition in the Seese case was overruled, defendant filed its answer and plea in abatement in the Seese case, the plaintiff Seese filed her demurrer to the defendant's plea in abatement, the first paragraph of its answer; and the court entered the following order:

"Rosamond M. Seese, Plaintiff, vs. Chesapeake & Ohio Railway Co., Defendant,
Order,
and

National Union Fire Insurance Co., etc., Plaintiffs, vs. Chesapeake & Ohio Railway Co., Defendant.

"On the Court's own motion, the above styled two cases are hereby consolidated for the purpose of being tried together; and henceforth said two causes shall be carried together upon the docket of this court entitled as above; and said consolidated causes and each of them are set for trial for the eighth day of the May term 1933; and it is hereby ordered that said two causes and each of them, are set for trial, for the eighth day of the May term 1933; and it is hereby ordered that said two causes shall be tried together."

Thereafter, on February 20, 1933, the seventh day of that term, the defendant filed its petition and bond for removal in the consolidated causes, and on February 24, 1933, the court overruled the petition.

The plea in abatement filed in each action was the pendency of the other action in bar of its prosecution. No demurrer to this plea was filed in the insurance company action and the demurrer to the plea in the Seese action was not acted on. The ground of each plea was that plaintiffs had no right to split the single cause of action between them; hence the bringing of one barred the bringing of the other. Seemingly the plea in the insurance company action was not good, as at the time that action was brought the other one was not pending. It was brought afterwards, though seemingly immediately afterwards. And it is open to say that the plea was not good in the Seese action. This is on the ground that the insurance company had no right to bring the action. The sole right of action being in Seese. In Norwich Union Fire Ins. Soc. v. Standard Oil Co., supra, it is said: "But the rule seems to be well settled that, when the value of the property exceeds the insurance money paid, the suit must be brought in the name of the assured."

Seemingly the special demurrer in the Seese action which was overruled was treated as raising the question as to whether the cause of action could be split and whether only one action could be brought. It really did not raise that question. The only question which it raised was whether the insurance company was a necessary party to the Seese action. It was not a necessary party. In 26 C. J. 466, it is said that it seems that where the loss exceeds the insurance the tendency of the courts is to hold not only "that the action must be brought in the name of the insured" but also "that the insurer is not a necessary party." Such being the case, it would seem that the special demurrer was properly overruled. The true tactics of the defendant would seem to have been to demur to the petition in the insurance company action on the ground that it had no right to maintain it either in its own name or in the name of Seese. This, if successful, would have left the Seese action standing. It could not be removed, for the amount in controversy was insufficient notwithstanding it was made less for the purpose of preventing a removal. Woods v. Mass. Protective Ass'n (D. C.) 34 F. (2d) 501. Had the petition been amended to claim the whole $6,000, the action could then have been removed.

I come then to a consideration of the question whether the actions were removable. It is urged that they were on the ground that there was no right to split the single cause of action against the defendant and they were split for the purpose of preventing a removal. I have held otherwise in the case of Patrick v. Equitable Life Ins. Soc. of U. S. (D. C.) 2 F. Supp. 762. To this position I adhere. If these two actions had been brought in this court exactly as they were brought in the state court, each would have had to be dismissed for want of jurisdiction; the amount in controversy not being in excess of $3,000. So if they should be removed here they would have to be dismissed on the same ground. That such is the case necessitates that they were not removable. The motive behind the splitting of the action has no bearing on their removability. It should be taken for granted that the state courts will visit on the plaintiffs the consequences of their so doing. But over and above this, if the actions were removable, the defendant had lost the right to remove them by not filing removal papers in the required time. If the actions were removable it must be because of the order of consolidation. If I am right in the position that they were not removable before the making of that order and it turns out that they became removable because thereof the removal papers were filed in time. So the question before me depends solely on the effect of the order of consolidation. The actions were not removable unless because thereof.

The Standard Dictionary gives this as the legal meaning of the word "consolidation": "The merging of two or more actions into one, by order of court, done to save litigation and expense." In 1 C. J. p. 1121, it said: "Consolidation of actions has been defined as the combination of several actions into one."

In the strict sense of the word there can be no consolidation of two or more actions unless they can be merged or combined into one. The consolidation under consideration is of actions, not of causes of action. Causes of action, which inherently are separate and distinct, cannot be merged or combined into one cause of action. This is impossible. They will always remain separate and distinct and cannot be made otherwise. The consolidation of several actions brought upon such causes of action has no effect upon those causes of action. They remain several as before. As to whether several actions can be merged and combined into one, i. e. con-solidated, would seem to depend on the question whether a single action could have been brought embracing the several causes of action. If so, they can be consolidated. What could have been done originally can be brought about by consolidation. Otherwise there can be no consolidation. But though such is the case, if the several actions are of like nature or relate to the same question, they can be tried together. Where such actions are tried together it may be said that there is a consolidation of trials, i. e. a merger or combination of several trials into one, but not of the several actions themselves. This is the case where several persons are injured by the same wrong and each brings a separate action against the wrongdoer, or where there are several policies of insurance on the same property which has been destroyed by fire and the owner brings a separate action against each insurance company. In neither case could a single action have been brought in the first instance, nor can the several actions be consolidated, but the trials therein can be consolidated into one trial. The word "consolidation" has been loosely used to express that which is not in fact a consolidation of actions. This is the case with what is known as the "consolidation rule" in the English courts. According thereto, where there are several actions pending of like nature or relating to the same question, one of them is tried and its result is made an adjudication of all of the actions. The word is used in this loose sense in section 734, title 28 USCA, formerly section 921 U. S. Rev. Stat. Whilst as there used it is broad enough to cover a case of consolidations of two actions which might have been brought as one, as usually applied, it is made to cover a consolidation of actions or suits that could not have been so brought.

It was so applied in the case of New York Mut. Life Ins. Co. v. Hillmon, 145 U. S. 285, 12 S. Ct. 909, 912, 36 L. Ed. 706. The consolidation there was of three actions on three separate life insurance policies. The court said: "But, although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remained distinct and required separate verdicts and judgments; and no defendant could be deprived without its consent of any right material to its defense, whether by way of challenge of jurors, or of objection to evidence, to which it would have been entitled if the cases had been tried separately." Such cases may be characterized as cases not of consolidation but of quasi

consolidation. The distinction I have made is stated in 1 C. J. p. 1121. It is there said: "The term 'consolidation' has also sometimes been applied to a mere trial of several actions together, but properly a consolidation of actions is to be distinguished from the trial of several actions together, for actual consolidation involves the union of several actions into one which is tried as such, while where several actions are tried together, although there is but one trial, the identity of the actions is preserved and separate verdicts and judgments rendered. This distinction is also one which the authorities have frequently failed to observe." As to what constitutes a consolidation of actions in the case of Harrigan v. Gilchrist, 121 Wis. 127, 99 N. W. 909, this is said: "Consolidation of actions does not mean a consolidation of trial. It is not a trial of several actions, but the trial of one action instead of several actions, the consolidation having the effect of creating one action out of two or more that might have been brought as one." 1 C. J. p. 1121.

The conditions essential to a consolidation of actions are thus put in 1 C. J. p. 1124: "Unless otherwise provided by statute, the conditions ordinarily prescribed as authorized and essential to authorize a consolidation of actions at law are that the different actions shall be pending in the same court at the same time between the same parties and involving substantially the same subject matter, issues and defenses." The matter is put better in note 17 in quotation from the case of Hallam v. Moore (Tex. Civ. App.) 126 S. W. 908, 911: "(1) The actions must be depending, all perfect and complete, at the same time; (2) the actions must be between the same plaintiff and the same defendant; and (3) the actions must be such as may be joined."

As to the power of the court to make an order of consolidation, in 1 C. J. p. 1122, it is said: "Courts of general jurisdiction have independently of statute, inherent power to consolidate different actions where the conditions authorizing consolidation exist." And again on p. 1133, it is said: "While an order for consolidation is ordinarily made pursuant to an application therefor by one of the parties, the court may in a proper case order a consolidation upon its own motion and under some circumstances it is its duty to do so."

In 5 Standard Encyclopedia of Procedure, 250, it is said: "It is a well recognized principle of the common law that where a plaintiff has two or more causes of action which may be joined in one, he might bring one suit only; and if he commences more than one, he may be compelled to consolidate them."

In the case of India Rubber Co. v. C. J. Smith & Sons Co., 75 Ill. App. 222, it is said: "Even if there had been no motion by either party, it would have been the duty of the court to have ordered the consolidation when the substantial identity of the subject-matter of the two cases came to its knowledge."

In the case of Steitler v. Helenbush's Ex'rs, 61 S. W. 701, 702, 23 Ky. Law Rep. 174, a decision of the Kentucky Court of Appeals, two actions were pending in the same court, one by a creditor attacking a preference making the debtor and preferred creditor defendants, and the other by the preferred creditor against the debtor to enforce the preference. The court said: "It [i. e. the latter action] was pending in the same court in which this action [ i. e. the former action] was pending, and under such circumstances it was the duty of the court below to consolidate the actions."

Then as to the effect of an order of consolidation of an action the matter is thus put in 1 C. J. 1135: "The effect of a consolidation of actions at law is to unite and merge all of the different actions consolidated into a single action, in the same manner as if the different causes of action involved had originally been joined in a single action, and the order of consolidation if made by a competent jurisdiction is binding upon all the parties to the different actions until it is vacated or set aside. After the consolidation there can be no further proceedings in the separate actions which are by virtue of the consolidation discontinued and superseded by a single action which should be entitled in such manner as the court may direct and all subsequent proceedings therein be conducted and the rights of the parties adjudicated as in a single action."

In 5 Standard Encyclopedia of Procedure, 272, it is said: "The effect of consolidation is to merge the actions into one, so that after the consolidation there is but one action pending between all the parties embraced in the order, the other actions being in effect discontinued, a new and distinct action being created presenting the issues involved in both former actions."

In Montana the common-law rule as to consolidation of actions is provided by statute (Rev. Codes 1921, § 9820). It is in these words: "Whenever two or more actions are pending at one time between the same parties and in the same court, upon causes of action which might have been joined, the court may

order the actions to be consolidated." In the case of Handley v. Sprinkle, 31 Mont. 57, 77 P. 296, 298, 3 Ann. Cas. 531, the effect of consolidation under the statute is thus stated: "In our judgment, the consolidation of actions under our statute merges all the actions consolidated into one suit. There may be many causes of action, but the effect of consolidation is to join them all in one suit. If this is true, there can be but one judgment in the consolidated suit, and this judgment must settle all the issues involved. All the suits consolidated are ended as separate suits, and exist thereafter only as parts, respectively, of the consolidated suit."

This full consideration of the question as to the consolidation of actions places one in position to determine the effect of the order of consolidation in this case on the removability of the two actions which were thereby made one. The plaintiffs cite in support of their position that it did not render them removable: 54 C. J. 228; Holmes & Co. v. U. S. Fire Ins. Co. (C. C.) 142 F. 863, 867; Cooper v. American Stores Co. (D. C.) 25 F. (2d) 916.

In 54 C. J. 228, it is said: "Where neither of two or more suits pending in a state court between the same parties is removable to a federal court because the matter in dispute does not exceed the amount or value prescribed by the removal statute, the consolidation of such suits so that the aggregate amount involved in the consolidated cause is in excess of that specified by the statutes will not authorize removal." In support of this statement the two decisions cited are given. That in the case of Cooper v. American Stores Co. (D. C.) 25 F.(2d) 916, did not involve a consolidation of two actions by order of court. It arose in Pennsylvania. A statute of that state (12 PS § 1625) provided that: "Whenever any injury, not resulting in death, shall be wrongfully inflicted upon the person of a child, and a right of action for such wrongful injury accrues to the child and also to the parent, these two rights of action shall be redressed in only one suit, brought in the names of the parent and child." Under this statute a father and daughter sued in one action in the state court, the father for medical expenses and loss of services, and the daughter for personal injuries. The claim of the one was for $1,500, and of the other $2,900. It was held that this action was not removable to the federal court. In the opinion it is said that the "two causes of action were consolidated" by the statute and as to a similar statute that it provided "for the con-

solidation of separate rights of action of husband and wife." Rather the statute in each instance required the consolidation of the two causes of action in one suit, i. e. that they be litigated therein. As to the effect of this requirement, there is quoted from a Pennsylvania decision (Fries v. Wiser, 62 Pa. Super. Ct. 218) this: "The statute still keeps separate the independent causes of action and provides for the rendition of separate verdicts and the entry of separate judgments." The court itself said: "We have here two actions which for purposes of convenience are directed by the law to be tried at the same time. Except for the coincident trial, however, they are separate and distinct. The suit proceeds to separate verdicts and judgments. The parties having no common, undivided interest. * * * In an action by parent and child, particularly in the case of an infant, the parent might be held guilty of contributory negligence and recovery denied, while a verdict in favor of the child might be sustained."

The consolidation provided for by that statute was not a consolidation of actions. It was no more than "quasi consolidation"; no more than what would have been the case had the statute provided that two separate actions brought by parent and child should be tried together. Or, if there had been no statute at all and the state court had ordered that the two actions so brought should be tried together. In the latter case there could be no removal to the federal court on the ground that, though the amount sought to be recovered in each action was less than the required amount, together they were more. This would be so because the two actions would remain in existence notwithstanding the order of consolidation. This decision is not an authority for the position that where two causes of action which might have been set up in one action are set up in two, the amount sought to be recovered in each not exceeding $3,000, that there may not be a removal if the two actions are ordered to be consolidated and the two amounts sought to be recovered exceed that sum. It has no bearing whatever on such a case. Cooper v. American Stores Co., was just such a case. It was held therein that there could be no removal. An owner of property on which he held two insurance policies with the same company and which was destroyed by fire brought separate actions on each policy. A petition for removal was filed in each action. The state court overruled the petitions. Its action was correct as the amount in controversy in neither action was sufficient to render it removable.

The defendant then moved that the actions be consolidated. This motion was sustained and an order made consolidating them. Thereupon a petition for removal was filed in the consolidated action. It was overruled in the state court and on the transcript being filed in the federal court a motion to remand was sustained. I cannot agree with the position there taken. A consideration of the effect of the consolidation of the two actions as above set forth is against it. In 1 C. J. 1135, it is said that the actions are merged into "a single action in the same manner as if the different causes of action involved had originally been joined in a single action" and that the separate actions "are by virtue of the consolidation discontinued and superseded by a single action."

In Handley v. Sprinkle, it is said: "All the suits consolidated are ended as separate suits, and exist thereafter only as parts, respectively, of the consolidated suit." In 5 Standard Encyclopedia of Procedure, p. 272, it is said that, "after consolidation there is but one action pending between all parties embraced in the order, the other actions being in effect discontinued, a new and distinct action being created presenting the issues involved in both former actions."

Such being the case, I can conceive of no reason why this new and distinct action, having no previous existence but being created, i. e. coming into existence, for the first time by reason of the order of consolidation, the amount in controversy being sufficient, does not at once become removable to the federal court, just as much so as if a single action had been brought in the first instance. The court in that case took note of the fact that the question presented was novel. It said ([C. C.] 142 F. 863, 865): "The complainants had the right to bring but one suit to recover on both policies. They could have joined their causes of action, had they chosen to have done so. They having elected to bring a suit on each policy, separately, they have a right to prosecute each suit to a final decision in their own way."

But they did not have such right. The court had the right to order them consolidated and thereby put an end to the separate actions and bring into existence a single action exactly the same as if plaintiff had brought it in the first instance. Had plaintiffs moved for the order of consolidation and substituted a single petition for the original petition, it could hardly be claimed that the action did not thereupon become removable. The fact that the order was made on defendants' motion or may have been made on the court's own motion should make no difference. The removability was settled by the fact that the order of the consolidation, however it came to be made, for the first time brought into existence an action the amount in controversy in which was sufficient to confer federal jurisdiction. The court referred to the decisions of the Supreme Court of the United States in which it had held that "no separable controversy exists where joint tort-feasors are sued jointly, albeit separate suits would lie against each, and each defendant might have a different defense," and then said: "Does it stand to reason, then, that a defendant would have the right to say that a complainant must join all his causes of action against one defendant in one suit so that the total amount involved would confer jurisdiction of the federal court, whereas the jurisdiction would not exist in any one of such causes of action, and that, because he brings separate suits in each cause of action, he does it for the fraudulent purpose of preventing a removal to the United States court?"

The defendant has no such right and the two actions are not removable on the ground that two instead of one are brought to prevent a removal. But the defendant has a right to move the court for an order of consolidation, and authority is cited above to the effect that it is the duty of the court to make such order when its attention is called to the matter. Possibly the court would have the right to refuse to make the order on the ground that its effect would be to render the consolidated action removable. If, however, it makes it the full consequence thereof follows.

The only ground upon which the decision can be upheld is the form of the order of consolidation made by the state court. It was that the two causes of action "be consolidated for the purpose of taking proof and hearing." As to the effect of the order the court said: "The decree did not merge the two cases into one. It did not destroy the complainant's right to have each of them heard and determined on its merits. Neither case lost its identity. 'In equity an order of consolidation simply has no other effect than to hear the cases consolidated at the same time.' And they are to be determined exactly as if the cases were heard separately. 4 Eng. & Am. Encyc. Pleading & Practice, p. 695; Masson v. Anderson, 62 Tenn. [3 Baxt.] 295."

The authority cited has reference to a case of quasi consolidation and not to one calling

for a consolidation as that case does. The effect of the decree was not as stated. It provided that the two causes should be consolidated, i. e. made one. This was not qualified by the statement that it was "for the purpose of taking proof and hearing." Every case of consolidation is for such purpose. Possibly had the order provided no more than that the two causes be heard together there would have been no consolidation. But it did not so provide.

Coming then to the case in hand, we find that it is not a case like that of Holmes & Co. v. United States Fire Ins. Co. Here there was no right to bring two separate actions. The sole right was to bring a single action and that right was in the plaintiff Seese. There was but a single cause of action which was split by bringing the two separate actions. The order of consolidation merely brought about that which should have been brought about in the first instance. The order here, as in that case, was that the two actions be consolidated "for the purpose of being tried together." The purpose for which the consolidation was made to no extent qualified the consolidation. Such would have been the purpose had it not been expressed.

In the case of Cassidy v. Berkovitz, 169 Ky. 785, 185 S. W. 129, 131, where it was held, as heretofore set forth, that the right of action on a policy of insurance which covered both injuries to person and property was single, and separate actions cannot be maintained for such injuries, the insured brought separate actions on the policy therefor. The defendants filed separate answers and made no objection to the splitting of the cause of action. It was held that recovery of judgment for the injury to the property was not a bar to recovery for injury to the person, as defendants by not so objecting had waived the splitting. The court said: "Here the actions were filed in the same court at the same time, and the defendants accepted the issue in each case, and made no objection to the filing of separate actions to recover for the different parts of appellee's one cause of action. They had the opportunity and right, if they had so desired, to have had the causes consolidated, or one or the other of them discontinued or dismissed, but they elected rather to try the actions separately, and, having so elected, waived their right to object to the splitting of his cause of action by appellee."

According to this the defendant here was entitled to have the two actions consolidated, as a matter of right, particularly so after the court had denied defendant's right to have one or the other of them dismissed.

I am, therefore, constrained to hold that the motion to remand should be overruled. On an oral hearing I held to the contrary of this, but further reflection has led me to change my mind.