## BARKER v. HARTFORD FIRE INS. CO.

### No. 266.

United States District Court
E. D. Kentucky, Catlettsburg Division.
Nov. 7, 1951.

Dysard & Dysard, Ashland, Ky., Ora Duvall, Olive Hill, Ky., for plaintiff.

Ogden, Galphin & Abell, Louisville, Ky., H. R. Wilhoit, Grayson, Ky., for defendant.

SWINFORD, District Judge.

This case is before the court on the plaintiff's motion to remand.

The record discloses that the plaintiff was the owner of a policy of insurance by which the defendant agreed among other things to pay for loss by fire of three motor vehicles which were on July 8, 1950, allegedly completely destroyed by fire.

The plaintiff instituted separate actions for each of the automobiles in the state court. Each of the actions was for less than $3,000. The defendant sought by plea in abatement, under Section 118 of the Kentucky Code of Practice in Civil Cases to have two of the actions dismissed since another action was pending in this state between the same parties for the same cause.

Without ruling upon the plea the state court entered an order, on its own motion, that all three of the cases, "are hereby consolidated for the purpose of being tried together; and henceforth said three causes shall be carried together upon the docket of this court," under one title. Thus consolidated the amount in controversy became the aggregate of the three claims, or $5,500. The defendant then filed its petition for removal to this court.

The motion to remand is based on the proposition that since none of the cases in the state court involved an amount in excess of $3,000 this court is without jurisdiction.

With this position I cannot agree. The sum of $5,500 is the amount claimed in the consolidated causes under one title. The claims for the loss were under one contract on facts growing out of one incident. The pleas in abatement were well taken and the order of consolidation was an expedient to save the plaintiff's causes of action. The two actions filed subsequently to the original action were in reality treated as amended petitions to the original action.

Under modern practices the filing of three separate claims growing out of one set of facts under circumstances disclosed by the record here could not be permitted in any court.

The plaintiff must lose his motion on all counts. There were no separate claims on which separate actions could be based without admitting the plea of res adjudicata on subsequent claims.

The order of consolidation set up the amount in controversy. National Union Fire Insurance Co. v. Chesapeake & O. R. Co., D.C., 4 F.Supp. 25.

The plaintiff's motion to remand should be overruled. An order to that effect is this day entered.