# Cooke v. Cook.

## *Action on Contract.*

1. *Contract for sale of land; breach by vendee gives cause of action.*—Where in a contract for the sale and purchase of land, the property is sold at a stated price to be paid in three separate instalments, and it is stipulated that, upon the conveyance of title to the land by the vendor, the purchaser is to execute his several notes for the three instalments of the purchase money payable at the several specified times, respectively, if upon the execution of a conveyance to the purchaser by the vendor of title to the land, the purchaser fails or refuses to execute the notes as agreed, there is a breach of the contract by said purchaser, entitling the vendor to maintain an action for such breach.

2. *Same; same; res adjudicata.*—Where upon the breach on the part of the purchaser of a contract for the sale of land, which required the purchaser, upon the conveyance of title to him by the vendor, to execute his three several promissory notes for the three separate instalments of the purchase money payable at specified times, respectively, the vendor brings an action seeking to recover the amount of the first instalment for which a note was to be given and judgment is rendered in favor of the plaintiff in the action, said judgment is a bar to any other actions by the plaintiff to recover the amount of the subsequent instalments, after the time for their payment, as stipulated in the contract, has passed.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

The facts of this case are sufficiently stated in the opinion. At the request of the plaintiff, the court gave the general affirmative charge in his behalf, and refused a similar charge asked by defendant. To each of these rulings the defendant separately excepted.

There was judgment for the plaintiff. The defendant appeals, and assigns as error, among other rulings of the trial court, to which exceptions were reserved, the giving of the general affirmative charge in favor of plaintiff, and refusing a like charge in behalf of defendant.

ARNOLD & EVANS, for appellant.—The contract con-

[Cooke v. Cook.]

tained no promise to pay money. No money was or could become due by the contract. Its sole promise was for the making of the title and the execution of notes. When John F. Cook should make title, and John E. Cooke should execute his notes, the contract became, *ex vi termini*, fully executed and the obligations of the parties, would thereafter, depend not on the contract, but on the deed and the notes. No money could be claimed as due by written contract entered into on the 17th day of September, 1890, except as damages for the failure to execute the notes, for that is all the duty the contract imposed on John E. Cooke.—*Hanna v. Mills*, 34 Amer. Dec. 216; *Fail v. McRee*, 36 Ala. 68; *Mason v. Ala. Iron Co.*, 73 Ala. 276; *Withers v. Knox*, 4 Ala. 139; *Erie & Pitts. R. R. Co. v. Douthet*, 32 Amer. Rep. 452.

2. If several recoveries could be had, it was incumbent on John F. Cook, the vendor, to tender a deed of conveyance, before he could recover the last payment.—*Ledyard v. Manning*, 1 Ala. 155; *Broughton v. Mitchell*, 64 Ala. 223; *Gentry v. Rogers*, 40 Ala. 445; *McKleroy v. Tulane*, 34 Ala. 81; *Burkett v. Munford*, 70 Ala. 427.

3. In no event could the plaintiff recover the full purchase price in the absence of proof of the tender of a deed. He could not keep the land and have the money too.—2 Addison on Contracts, § 528; 5 Amer. & Eng. Encyc. of Law, 28 and notes; *Griswold v. Sabin*, 12 Amer. Rep. 76; *Old Colony R. R. Co. v. Evans*, 66 Amer. Dec. 400, and notes.

COLEMAN & BANKHEAD, *contra*.—A recovery of one instalment, unreversed is a complete answer to, and preclusion of all defenses to the merits, which were, or could be pleaded to the second suit.—*Liddell v. Chidester*, 84 Ala. 508; *Sims v. Herzfeld*, 95 Ala. 145; *Rake v. Pope*, 7 Ala. 161; *Cook v. Parham*, 63 Ala. 456; *Bissell v. Spring Valley Tp.*, 124 U. S. 225; 21 Amer. & Eng. Encyc. of Law, 229, note.

2. If a contract provides for payment in instalments, the rule is settled in this State that plaintiff may, if he so elects, bring a separate suit for each instalment as it falls due.—*Wilkinson v. Block*, 80 Ala. 329. When several actions are pending at the same time in the same court, and between the same parties, for alleged breaches of the same continuing or unrescinded contract, they

[Cooke v. Cook.]

may be consolidated by order of the court.—*Wilkinson v. Black*, 80 Ala. 329 ; Code, § 2742.

3.   To support a plea of *res adjudicata*, the parties must be the same and the subject matter the same.— *Gilbreath v. Jones*, 66 Ala. 129 ; *McCall v. Jones*, 72 Ala. 368.

HEAD, J.—On June 25, 1891, appellee, John F. Cook, brought suit, in the Walker circuit court, against appellant, John E. Cooke, one count of the complaint being as follows : "Plaintiff claims of defendant the further sum of two thousand dollars due by a written contract entered into by defendant on the 17th day of September, 1890, which contract is in words and figures as follows, to-wit :
'The State of Alabama,  )
    Jefferson County.      )
'This agreement made this the 17th day of September, 1890, by and between John F. Cook of Anniston, Ala., and John E. Cooke, of Marietta, Ala., witnesseth, that John F. Cook sells to John E. Cooke lots Nos. 20, 21, 22, 23, and 24 in block No. 208 on the N. W. corner of 7th Ave. & 27th Streets in Birmingham, Ala., for the sum of six thousand, one hundred and fifty dollars ($6,150) payable as follows : $2,000 December 25th, 1890; $2,050 December 25th, 1891 ; $2,100 December 25th 1892.   It is understood and agreed that the titles to the lots described above is to be made by John F. Cook to John E. Cooke as soon as John F. Cook can do so : say within thirty (30) days, and said John E. Cooke to execute the notes to John F. Cook at same time.   Interest to begin on each note December 25th, 1890.
    Witness,                      John F. Cook    (Seal)
    D. R. Dunlap.             John E. Cooke.  (Seal)'
Plaintiff avers that defendant has wholly failed and refused to comply with the terms of said contract in any respect.   And plaintiff further avers that he was and is still ready and willing and offered to comply with the terms of said contract, on his part.   And plaintiff further avers that he did comply with the terms of the contract on his part."

The cause was tried at the February term 1892, upon the general issue and certain special pleas of fraud and failure of consideration, and resulted in a verdict and

judgment for the plaintiff for the sum of $2,184.88 and costs, which judgment was affirmed, on appeal, by this court.

On January 15th, 1892, the same plaintiff brought another suit against the same defendant, in the same court, one count of the complaint being in the same words and figures as the count hereinabove set out, except that the amount claimed was $2,050; and on December 2d, 1893, another suit, in the same court, with one of the counts exactly the same as the foregoing, except that the amount claimed was $2,100. To these two last named actions, the defendant interposed practically the same defenses which were made to the first suit, and, further, pleaded, specially, in proper form, the former adjudication. The plaintiff replied to the other special pleas, the said former adjudication. The two actions were consolidated, by order of the court, and tried as one, at the February term 1894, and resulted in a verdict and judgment for the plaintiff for the sum of $5,032, and costs; the court, in effect, holding that the several actions were for separate and several instalments of the purchase price of the lands, mentioned in the contract set out in the complaints ; that the defense of *res judicata* was not sustainable, and that the replications of *res judicata* were sustained. From that judgment this appeal is prosecuted.

It is obvious the pleader treated each of the actions as a suit for a separate instalment of the purchase price of the lands, recited, in the contract declared on, as being payable in specified sums, at specified times, upon the theory that the written instrument imported a promise, on the part of the vendee, to pay those sums, severally, at the respective times specified. Whether or not the agreement, if it had stopped with its recital of the terms of the sale, imported several promises, for the breach of which an action or actions would be supported by the terms of the writing itself, its is quite clear from the stipulations which followed, that the recitals mentioned were merely descriptive, and were introduced as inducement to the only promissory engagements of the parties; which were, on the part of the vendee, to execute within thirty days, the several written promises to pay the several instalments, at the specified times, respectively, with interest to begin at a time subsequent to the date

of the contract; and on part of the vendor, concurrently therewith, to make titles to the land to the vendee.— *Cooke v. Cook*, 100 Ala. 175. It is plain, therefore, that the instrument would not suppport an action, as upon a promise to pay the instalments, or either of them. When the vendee refused to execute the notes, as agreed, the vendor being in no default, he thereby repudiated and broke the contract of purchase, entitling the vendor, if he chose to pursue that remedy rather than demand, at the proper time, specific performance, to an immediate action for the breach of the contract in its entirety, and a recovery of all damages proximately resulting from the breach. What the true measure of such damage is, it is not now material to determine. The courts of different jurisdictions differ on the question. Some hold that where the vendee refuses to perform a stipulation of the contract, the entire purchase price is recoverable; while others hold that the difference between the contract price and the value of the land, at the time of the breach, or of the trial, is the true measure. The subject is amply treated, both under the English and American authorities, in an extended note to *Garrard v. Dollar*, 67 Am. Dec. 271. It seems quite probable that where the vendor has executed the contract on his part by a conveyance of the title which, as was alleged on the first, and, indeed, the subsequent actions, was done, in this case, the entire purchase money is a true measure of damages. But, at all events, it is unquestionably true, that in an action on the contract alleging a breach of an entire material stipulation undertaken by a party to be performed in furtherance of the execution of the sale and purchase, an action immediately lies, at the election of the other party, and all damages, present or prospective, growing out of the whole agreement, are recoverable; and but one action can be maintained upon the contract. This would, indeed, be true if the written agreement had, in terms, expressed a promise to pay the several instalments, if the declaration alleged not only the failure to pay the instalment, but a breach of the entire stipulation as well, for the reason, just stated, that the breach of that stipulation opened the way to the plaintiff to a recovery of *all* damages. In discussing a case of analogous principle, the New York court observes: ''The right of action is as perfect on a neglect or refusal to

[Naugher v. Sparks.]

give the note or bill, as it can be after the credit has ex-
pired.   The only difference between suing at one time
or the other relates to the form of the remedy; in the
one case, the plaintiff must declare specially, in the
other he may declare generally.   The remedy itself is
the same in both cases.   The damages are the price of
the goods.   The party cannot have two actions for one
breach of a single contract, and the contract is no more
broken after the credit expires, than it was the moment
the note or bill was wrongfully withheld".—*Hanna v.
Mills*, 21 Wend. 90, and cases cited in note to that case,
in 34 Am. Dec. 218.   See also, *Fail & Miles v. McRee*, 36
Ala. 61 : *Mason v. Ala. Iron Co.*, 73 Ala. 270 ; *Withers   v.
Knox*, 4 Ala 138, 2 Suth. on Dam., 356.

We have seen that in the former action, the judgment
in which is now pleaded as *res judicata*, the complaint,
in the count hereinbefore set out, was upon the written
contract, alleging a breach of all its stipulations on the
part of the defendant, and readiness and offer to per-
form, and, indeed, actual performance, on the part of
the plaintiff.   Thus the way was open to the plaintiff to
prove and recover all damages sustained by the breach
of the contract as an entirety, not exceeding, in amount,
the sum claimed.   The cause of action was thereby
merged in the judgment rendered, precluding any
further action on the contract.   The court erred in
giving the general charge for the plaintiff, and refus-
ing it for the defendant.

Reversed and remanded.