E. A. HOLMES & CO. et al. v. UNITED STATES FIRE INS. CO.

(Circuit Court, W. D. Tennessee, W. D.   January 20, 1906.)

Nos. 592, 593, 594.

1. REMOVAL OF CAUSES—AMOUNT IN DISPUTE—SEPARATE ACTIONS ON CONTRACTS.

The holder of two insurance policies issued by the same company, on each of which he has a cause of action, has the right to bring separate actions thereon; and where he does so in a state court, the amount sued for in each case being less than $2,000, the actions are not removable, although the aggregate amount sued for exceeds such sum.

[Ed. Notes.—Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogan, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

**2. SAME—EFFECT OF CONSOLIDATION.**

> The fact that two actions between the same parties, pending in the same state court, and each involving less than $2,000, are consolidated on motion of the defendant for "taking proof and hearing," does not render the consolidated cause removable as a single action.

### On Motion to Remand to State Court.

These are motions to remand to the state court. The facts as presented on the face of these records are as follows: On the 3d of November, 1904, the complainant, Holmes & Co., was a merchant at Durhamville, Lauderdale county, Tenn., and on that day took out a fire insurance policy for $1,000 on its stock of goods with the defendant insurance company. On the 16th day of December, 1904, Holmes & Co. took out an additional fire insurance policy for $1,500 on this same stock of goods with the defendant insurance company. Both policies ran for one year from the date of issuance. On the ———— day of February, 1905, this stock of goods was destroyed by fire. On the 26th day of September, 1905, Holmes & Co. and the Ripley Bank, citizens, Tenn., Tennessee, filed their bill in the chancery court of Lauderdale county, Tenn., against the defendant, a nonresident corporation, seeking to recover on the fire policy for $1,000, issued Nov. 3, 1904. On the same day the same complainants filed their bill in the same court against the same defendant, seeking to recover on the fire policy for $1,500, issued on the 16th day of December, 1904. Seasonably the defendant filed its petition for removal to this court of each of these cases, on the grounds of diverse citizenship, and alleging that the amount involved exceeded $2,000, exclusive of interest and costs. As a further ground of removal it is alleged in the petition that these "two separate suits were thus instituted for the fraudulent purpose of preventing the removal of said causes to the federal court." The learned chancellor declined to order either of said suits to be removed. Thereupon the defendant filed its separate answer to each of the bills so filed against it, and moved the court to consolidate the two causes. This motion was allowed, and the decree recites that: "It appearing that defendant has answered said bills, and after argument was heard, the court is of the opinion that these two cases involve the same questions of law and fact, and is of the opinion that said two causes should be consolidated for the purpose of taking proof and hearing, And it is so ordered." After the causes were thus consolidated, the defendant filed its petition for removal of the consolidated cause to the federal court, upon the ground of diverse citizenship, and presumably on the ground that the amount involved in the consolidated causes exceeded $2,000 exclusive of interest and cost, though the petition does not allege the last-mentioned jurisdictional fact. This application for removal was also denied by the chancellor. Thereupon, the defendant procured certified copies of the records in each of the separate cases, and also of the consolidated case, and filed them in this court, and the motion to remand in each of these cases is now before the court.

Pierson & Pierson, for complainant.

Kirkpatrick & Son and Metcalf, Minor & Metcalf, for defendant.

McCALL, District Judge (after stating the facts). As Mr. Justice Harlan says in McDaniel v. Traylor, 196 U. S. 426, 25 Sup. Ct. 372, 49 L. Ed. 533:

"The question of jurisdiction here presented arises out of facts not to be found in any case brought to our attention or of which we have knowledge."

The diverse citizenship of the parties is not denied. The jurisdictional question presented is one only as to the amount involved. Did the complainant have the right to bring two separate suits on two separate written contracts against the same insurance company, insuring

them against loss by fire? I think so. If they had the right to do so, they would not be acting fraudulently if they brought a suit on each of them, although the suits were instituted the same day and in the same court.

Chapter 866, Act Cong. Aug. 13, 1888, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], provides:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, when the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousant dollars," etc.

The amount involved in neither of the cases exceeded the sum or value of $2,000, and hence the chancellor was correct in refusing defendant's petition for removal in each of these separate cases. The complainants had the right to bring but one suit to recover on both policies. They could have joined their causes of action, had they chosen to have done so. They having elected to bring a suit on each policy separately, they have a right to prosecute each suit to a final decision in their own way. This is the rule in actions of tort which might have been brought against many persons, or against one or more of them; but, when brought in the state court jointly, it would contain no separable controversy which would authorize its removal by some of the defendants into the federal jurisdiction, though different defenses are set up by separate answers. "The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleading." Powers v. Chesapeake & Ohio R. R. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. Chesapeake & Ohio R. R. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. Alabama Great Southern Railway Company v. Thompson, Adm'r (Oct. Term, 1905) 26 Sup. Ct. 161, 50 L. Ed. ——.

These cases hold that no separable controversy exists where joint tort-feasors are sued jointly, albeit separate suits would lie against each, and each defendant might have a different defense. Does it stand to reason, then, that a defendant would have the right to say that a complainant must join all his causes of action against one defendant in one suit, so that the total amount involved would confer jurisdiction of the federal court, whereas, the jurisdiction would not exist in any one of such causes of action, and that, because he brings separate suits in each cause of action, he does it for the fraudulent purpose of preventing a removal to the United States court? To so hold would be equivalent to holding that one who brings his action in the state court for damages to recover $1,999 does so for the fraudulent purpose of preventing the removal of the cause to the United States courts. Such a position is not tenable.

In addition, the rule is now well settled that under the judiciary act of 1887-88 a suit cannot be removed from the state court unless it might have been brought originally in the Circuit Court of the United States. Traction Company v. Mining Company, and cases cited, 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462. Certainly, neither one of the separate actions could have been brought originally in the Circuit

Court of the United States, because the amount involved did not exceed in amount or value $2,000, exclusive of interest and costs. Now what effect did the decree consolidating these cases have on the right of defendant to have them removed to the United States court? The decree did not merge the two cases into one. It did not destroy the complainant's right to have each of them heard and determined on its merits. Neither case lost its identity. "In equity an order of consolidation simply has no other effect than to hear the cases consolidated at the same time." And they are to be determined exactly as if the cases were heard separately. 4 Eng. & Am. Encyc. Pleading & Practice, p. 695; Masson v. Anderson, 62 Tenn. 295.

The effect of defendant's insistence is that on his motion to consolidate these cases, as stated, he has acquired a right that he did not have before; that is, he has converted complainant's two separate suits for $1,000 and for $1,500 into one suit for $2,500 and thus acquired the right, in so far as the amount involved is concerned, to remove the cases to the federal court. To sustain this position Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, is relied upon.

After a careful examination of that case, I cannot see how it can be applied to the case at bar. In the case just cited, it is held that the complainant had the right to bring one bill to enjoin the collection of several judgments against her in the state court, aggregating more than $3,000, although no one of them amounted to $500 (the then jurisdictional amount of the United States court); and that the case was a removable one to the United States court upon the ground that the amount involved exceeded in value $500. Had this complainant filed her bills separately, seeking to enjoin the collection of each of these small judgments, none of which amounted to $500, would it be insisted here that on a petition for removal by the defendant in each case that it would have been removed? I think not. But in that case the complainant sought relief from the sum total of the small judgments, and the bill on its face disclosed that they amounted to more than $3,000; and the court held that, since all these small judgments were in favor of and against the same parties, and they were all obtained by the same method, and if one was void all were void, they could be joined in the one action, and jointly they amounted to a sum sufficient to confer jurisdiction on the United States court.

That is not the case at bar. Here the complainant has chosen to bring an action on each of the two separate demands, and the defendant insists that, because they have been consolidated for "taking proof and hearing" on his motion in a state court, they thereby become one suit, and are therefore removable in so far as the amount involved is concerned. In other words, for the purpose of making the amount involved sufficient to confer jurisdiction on this court, he seeks to compel complainant to do what the complainant voluntarily did in the case last cited; that is, join his two causes of action so as to enable defendant to remove them to the United States court.

In Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303, one of the codefendants, a receiver, filed a petition for removal to the United States court. The case was remanded upon the ground that

there was no separable controversy and that the joinder was in good faith. Upon the trial in the state court a verdict was directed in favor of the railway company, codefendant of the receiver. Thereupon the receivers asked permission to file a supplemental petition for removal, which was denied, and a verdict was returned against the receivers only. In that case, Mr. Chief Justice Fuller, delivering the opinion of the court, said:

"The contention here is that when the trial court determined to direct a verdict in favor of the Chicago Great Western Railway Company, the result was that the case stood as if the receivers had been sole defendants, and that they acquired a right of removal which was not concluded by the previous action of the circuit court. This might have been so if, when the cause was called for trial in the state court, plaintiff had discontinued his action against the railway company, and thereby elected to prosecute it against the receivers solely, instead of prosecuting it on the joint cause of action set up in the complaint against all the defendants. Powers v. Chesapeake & Ohio Railway, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. But this is not the case. The joint liability was insisted on here to the close of the trial, and the nonliability of the railway company was ruled in invitum."

In other words, in the cases at bar the right to remove depended upon the case made in the complaint in each case separately, and that right, in the absence of a showing of fraud in bringing the action separately, was not affected by an order of the state court to consolidate the cases for "proof and hearing." In the Whitcomb Case, supra, it is held that the ruling of the court in directing a verdict for one of the defendants was not a ruling on the question of jurisdiction. It was without the assent of the plaintiff, and that, although this ruling left as defendants only the parties who had applied for a removal previously, such ruling at that time did not operate to make the cause removable. "The right to remove was not contingent on the aspect the case may have assumed on the facts developed on the merits of the issues tried. As we have said, the contention that the railway company was fraudulently joined as a defendant has been disposed of by the Circuit Court." Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303. So in this case the ruling of the state chancellor, consolidating the cases for "proof and hearing," was not a ruling on the question of jurisdiction. It was without the assent of the complainant, and it did not operate to make the causes removable. The right to remove was not contingent on the aspect the cases may have assumed after the order consolidating them. The contention that separate actions were brought for the fraudulent purpose of preventing the removal of the cases to the federal court had previously been disposed of by the chancellor.

The motion to remand in each of these cases is allowed.