## ZALDUONDO MIER & COMPANY, Plff.,

*v.*

## NORWICH UNION FIRE INSURANCE SOCIETY, Limited, per J. Ochoa y Hno., Dft.

---

San Juan, Law, No. 1511.

REMOVAL.

Removal—Suits Consolidated Removable.

> Where three suits involving each less than $3,000 were commenced in one of the Insular courts of Porto Rico and thereafter the three suits were consolidated by the act of the Insular court itself, the defendant has the right to removal of the cause to the Federal court of Porto Rico, provided the other conditions exist, and the same rules apply as if one suit had been originally filed for a sum exceeding $3,000, exclusive of interest and costs.

Opinion filed January 4, 1922.

---

*Messrs. Texidor* and *De la Haba* for plaintiff.

Mier & Co. v. Norwich Union Fire Ins. Soc.

*Messrs. O. B. Frazer* and *Nelson Gammans* for defendant.

ODLIN, Judge, delivered the following opinion:

In this case the plaintiff at the same time filed three separate complaints against the defendant, in each of which the damages claimed were less than $3,000. Thereafter these three actions were consolidated by the Insular court, and then removed by the defendant to this court. Thereafter the plaintiff filed a motion to remand.

This motion must be granted upon the authority of the case of E. A. Holmes & Co. v. United States F. Ins. Co., reported in 142 Fed. 863, which is the only case I have been able to find exactly like the case now under consideration. Counsel for the defendant have filed two elaborate briefs opposing the motion to remand, but have cited me to no case overruling the decision in 142 Fed., or contrary to the reasoning of District Judge McCall, who wrote the opinion.

Therefore, the motion to remand must be granted, and it is so ordered, and to this ruling counsel for the defendant except.