## FRIED v. STATE LIFE INS. CO. OF INDIANAPOLIS, IND.

### No. 2437.

District Court, W. D. Louisiana, Alexandria Division.

Sept. 19, 1933.

J. C. Hollingsworth, of New Orleans, La., and J. B. Nachman, of Alexandria, La., for plaintiff.

Hawthorn, Stafford & Pitts, of Alexandria, La., for defendant.

DAWKINS, District Judge.

█ The plaintiff filed in the state court for Rapides parish six separate suits upon distinct insurance policies and demands for payment of benefits thereunder, all of which were for amounts below the jurisdiction of this court. They were numbered 23396, 23397, 23398, 23631, 23632, and 23633, re-

spectively, on the docket of the state court. Three of these, to wit, 23396, 23397, and 23398, were separately removed to this court some months ago, but, on the motion of plaintiff, were remanded to the state court for the reason that none of them were of sufficient amount to give jurisdiction here. Thereafter, defendant went into the state court and sought to have the six cases consolidated under the Louisiana practice, and this being denied by the trial court, an application was made to the state Supreme Court, which after hearing ordered them all consolidated. It is the practice in the state where such a consolidation takes place to treat and dispose of the cases as one, by a single judgment, and on appeal jurisdiction is determined by the gross amount of the judgment. The effect, in other words, is to merge the separate causes of action into one. Subsequently, defendant removed the consolidated case to this court.

Plaintiff has again moved to remand for the reason, it is contended, this court is without jurisdiction, since the state court could not by consolidating give the federal court jurisdiction over causes of action which otherwise it would not have had; and, further, that the petition of removal came too late, long after the time required to plead in the state court; that the former decision of this court upon the former cases which were remanded is res judicata; and defendant having appeared therefor the purpose of moving to consolidate the cases, in a pleading which the Supreme Court of the state held in effect to be a plea to the merits, it was estopped to again seek removal.

I have examined not only the authorities cited by counsel, but have spent several days in an independent research in trying to determine what I consider a very close and perplexing question of law. It has been held by the Supreme Court of the United States, where the government filed separate suits for penalties under the statute for the humane handling of live stock while in transit, after consolidation in the District Court, they would be treated as one on appeal as to jurisdictional amount, whereas no one of them, had they remained independent cases, could have been appealed. Baltimore & Ohio S. W. R. R. Co. v. U. S., 220 U. S. 94, 31 S. Ct. 368, 55 L. Ed. 384. This is in line with the ruling of the state court. In each instance, however, the trial court had original jurisdiction in the suits as filed, including the power to consolidate them before the appeal was taken to the appellate court. It would seem in the present instance for this court to have jurisdiction the case should have been one which the plaintiff could have filed in the federal court in the same manner and form as was done in the state court. He undoubtedly had the right to choose his forum and to file as many separate cases as the causes of action which he possessed. It then became the defendant's right to move for a consolidation. Consolidation was originally conceived to save expense and annoyance of trying many suits and primarily had nothing to do with jurisdiction. I cannot conceive that a ruling by the state court could give jurisdiction for removal purposes, where otherwise it did not exist. No authoritative decision by an appellate court or by the Supreme Court has been found. However, there are two District Court cases in which jurisdiction was declined and they were remanded to the state court under like circumstances. E. A. Holmes & Co. v. United States Fire Insurance Co. (C. C.) 142 F. 863, and Waltman v. Union Central Life Insurance Co. (D. C.) 25 F.(2d) 320. These are cited in the latest edition of Cyclopedia of Federal Procedure, vol. 2, pp. 68, 69, verbo Removal of Causes and Remand to State Court, § 269, in support of the following statement of the law: "If plaintiff rightfully brings separate suits on causes of action which he could have joined, no right of removal exists where the amount sued for in each case is less than the jurisdictional amount, and this is true even though the court consolidates the cases for proof and hearing."

If the state court could, either of its own motion or at the instance of the defendant, over the objection of the plaintiff, create a condition which would give the right of removal that did not otherwise exist, then I do not think the former ruling of this court is res judicata, as to the cases there remanded, or that the motion came too late in the state court. It was filed just as soon as the condition in that court had been reached which permitted it to make the application that is after the consolidation. However, I feel constrained to hold that, since the law seems to be so well settled that a plaintiff may bring as many separate suits as he has distinct causes of action, he cannot be coerced to the contrary by one court for the purpose of giving jurisdiction to another which it did not theretofore have. As stated in the Holmes Case, supra, if he had the legal right to bring his suits as he did, then it could not be fraudulent, even

though it was expressly to keep them from being removed to this court.

The case will be remanded. Proper decree should be presented.