## BLEY v. TRAVELERS INS. CO.
### No. 17.

District Court, S. D. Alabama, N. D.
April 19, 1939.

Henry McDaniel, of Demopolis, Ala., and Smith & Johnston, of Mobile, Ala., for plaintiff Bley.

Bradley, Baldwin, All, White and K. C. Shelburne, all of Birmingham, Ala., and J. F. Aldridge, of Eutaw, Ala., for defendant Travelers Ins. Co.

McDUFFIE, District Judge.

The record discloses that on September 21, 1938, Isadore Bley, a citizen of Alabama, commenced two actions at law against the Travelers Insurance Company, a corporation. In one of said actions, numbered 3212, on the docket of the State Court, plaintiff claimed $2,700, and in the other action numbered 3213, in said court, plaintiff claimed the sum of $1,350.

Service was had upon the Insurance Company on September 26, 1938, and thereafter on October 21, 1938, prior to the date of the expiration of the time within which to answer, defendant company, after due notice to the counsel of record for the plaintiff, moved for consolidation of the two causes in accordance with Section 9497 of the Alabama Code. On the same date, October 21, 1938, the Judge of the State Court entered the following order in the cause numbered 3212 in said court:

"Order Consolidating Causes

"This cause coming on to be heard upon the motion of the defendant to consolidate this cause with cause numbered 3213 in this Court entitled 'Isadore Bley, Plaintiff, vs. The Travelers Insurance Company, a corporation, Defendant', and it appearing to the Court that the two actions are pending in this Court and that the parties therein are identical, and that the said actions might have been joined, it is hereby, in accordance with Section 9497 of the Code of Alabama,

"Ordered that the two said actions be and they are hereby consolidated.

"Done this October 21, 1938.
                    "Benj. F. Elmore
                         "Circuit Judge."

On the same date, October 21, 1938, the Judge of the State Court made and entered the following bench notice, case numbered 3212: "October 21, 1938,—Continued by agreement."

On the same date, October 21, 1938, in case numbered 3213, the Judge made the following bench note: "October 21, 1938, —Continued by consent."

On October 25, 1938, the Travelers Insurance Company filed in the office of the Clerk of the State Court a petition for the removal of the consolidated causes to the District Court of the United States for the Northern Division of the Southern District of Alabama, accompanying the same with a bond conditioned as required by the statutes in petitions for removal.

Thereafter plaintiff Bley moved the State Court to strike the petition for removal, assigning numerous grounds for the motion, amongst which were: that in moving for consolidation and having said motion granted by the State Court, defendant had invoked and submitted itself to the jurisdiction of the State Court; that it had been granted affirmative relief by the State Court, and thereby waived any right it might have had to remove; that the petition for removal and the bond were filed too late.

Thereafter on the 5th day of November, the Judge of the State Court in each of the cases entered the following order and judgment on the petition for removal:

"Order and Judgment on Petition for Removal to Federal Court and Motion of Plaintiff to Strike Same.

"Upon the hearing and consideration of the petition for Removal to Federal Court and of the written motion of the plaintiff in the above styled and entitled causes, and of the evidence offered and submitted by the plaintiff in support of his said Motion, the Court is of the opinion and finds and holds that this Court has acquired and has full and complete jurisdiction of the parties to and the subject matter of the above styled and entitled causes, and should retain such jurisdiction, that the defendant has waived its right, if any such right it ever had, to have said above styled and entitled causes removed to the District Court of the United States for the Northern Division of the Southern District of Alabama, as prayed for in its petition, and that the motion of plaintiff is well taken; and it is, therefore considered, ordered and adjudged by the Court, that the prayer of said petition be, and it hereby is, refused and denied, that the motion of plaintiff be, and it hereby is, sustained, and the Court declines and refuses to make and enter an order of removal, and does retain jurisdiction of the parties to and subject matter of said above styled and entitled causes, and to this ruling and action of the Court the defendant did then and there in open Court, duly and legally except.

"Ordered and adjudged this November 5, 1938, in term time.
                    "Benj. F. Elmore
               "Judge of the Circuit Court of
                    Marengo County, Alabama.

The defendant corporation, appealing to the State Supreme Court, filed a petition for a writ of mandamus seeking an order commanding the Judge of the State Court to vacate and set aside his order and judgment denying the Petition for Removal, and to make an appropriate order removing the consolidated causes to the Northern Division of the District Court of the Southern District of Alabama.

The Supreme Court of Alabama refused to issue the writ sought by the Insurance Company, whereupon the Insurance Company filed its petition in this Court, setting forth in the main the above mentioned facts and asking that plaintiff Bley be enjoined from proceeding further with the prosecution of the consolidated causes. The refusal by the Alabama Supreme Court was argued as strong reasoning why the cause should not be removed, but this Court is not advised whether or not the merits of removal were considered The defendant had other remedies.

■ After argument on the petition for injunction and submission on brief, plaintiff Bley filed a motion to remand this cause to the State Court. This Court is of the opinion that the motion to remand is the appropriate and proper procedure.

The motion to remand is based upon the suggestion that the cause was improperly removed because this Court is without jurisdiction and the consolidation of the two cases, each of which was for less than the jurisdictional amount, did not make the cases removable to this Court; further that the consolidation by the State Court was involuntary so far as the plaintiff Bley was concerned; that the plaintiff had a right to bring a separate action on each of the policies of insurance and that the consolidation order of the State Court could not and did not make the cause removable. That since the order of consolidation was obtained at the instance of the Insurance Company and against the will of the plaintiff, the effect was to coerce the plaintiff into having his two causes consolidated. That the defendant, by making the motion for consolidation, waived his right to remove the case, in that he submitted himself to the jurisdiction of the Court and obtained affirmative relief therefrom.

This Court has given considerable thought and study to the questions here presented, which are two of importance, namely: First: Does the consolidation order of the State Court have the effect of merging the two cases into one, such as might be determined by one verdict and one judgment rather than a judgment and verdict in each cause, or asked in another way, does each of the two cases preserve its identity after the consolidation order, or are they merged into one action?

Second: Did the defendant, by moving for the order of consolidation in the State Court, or by enjoying whatever benefits may have resulted to it from the act of the Court granting the order of consolidation, submit itself to the jurisdiction of the State Court to such an extent as to waive the right to remove its cause to the Federal Court?

■ If the first of these questions is answered in the negative, a discussion of the second is unnecessary. The second may be disposed of, however, in the brief statement that this Court is of the opinion the defendant company, by none of its acts, submitted itself to the jurisdiction of the State Court so as to waive the right of removal. There was no pleading to the merits of the cause. While it is stated that the defendant filed an answer to the plaintiff's claim, such an answer was filed after the move for consolidation and the petition for removal. 1 Hughes, Federal Practice, 1931, §§ 253, 255; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 6 Cir., 131 F. 657, 661; McMillen v. Indemnity Ins. Co. of North America, D.C., 8 F.2d 881; Duvall v. Wabash Ry. Co., D.C., 9 F.2d 83.

In the case of McMillen v. Indemnity Insurance Company of North America, D. C., 8 F.2d 881, 883, it was said:

"The defendant did not select the forum, but it should have the unqualified right to use appropriate processes until in orderly procedure it can remove its controversy to the national court. Otherwise, substantial rights might be lost."

"The defendant should not be deprived of its constitutional and statutory right to a trial in a court of the United States upon the ground of waiver, 'unless a clear case of intent to submit and have a hearing in the state court is made to appear.' Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., supra, [131 F.] loc. cit. 661 (66 C.C.A. 605). No such intent is shown in the instant case.

"The motion to remand is denied." See Atlanta, K. & N. Ry. Co. v. So. Ry. Co., 6 Cir., 131 F. 657.

Turning now to the first question, in trying to find the effect of the order of the State Court consolidating the causes herein, no direct and conclusive authority is found construing Section 9497 of the Alabama Code, which has been the law for nearly a hundred years, and which reads as follows: "Whenever two or more actions are pending at the same time, between the same parties, in the same court, and which might have been joined, the court may order them to be consolidated."

The Federal statute reads as follows: "When causes of a like nature or relative to the same question are pending before a court of the United States, or of any Territory, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so." 28 U.S.C.A. § 734.

In 1935 the Alabama Legislature passed the following Act: "Section 1. When

causes of like nature or relative to the same question are pending before the Circuit Court in the counties having a population of 300,000 or more according to the last or any future Federal Census, the Court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so." Gen.Acts Ala.1935, p. 1010.

■ This Act last noted is in the exact terms of the Federal Statute excepting that the Federal Statute applies only to the United States and its territories, and the purposes of the Act which is in force only in Jefferson County, Alabama, are the same as those of the Federal Statute. It is readily seen there is a distinction between Section 9497 of the Code of Alabama and the Federal Statute, as well as the above Act of 1935. The Federal Act is designed essentially for convenience of trial, and while both have the element of convenience and avoidance of confusion, the Code Section 9497 undoubtedly means that two or more actions may be consolidated into one, so that one verdict and one judgment suffices for all.

In the Ashton case, Ex parte Ashton, 231 Ala. 497, 165 So. 773, 776, 104 A.L.R. 54, Section 9497, Alabama Code, was held to be declaration of the common law and it was pointed out that actions which could not be joined in the same complaint could not be consolidated. The Court said: "The test of the common law, as shown by our early cases, cited above, is that the rule for consolidation does not apply where the several actions could not have been joined in the same declaration or complaint."

In the Hillmon cases, New York Life Ins. Co. v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 912, 36 L.Ed. 706, where the Federal Statute was involved, it was held that: "Although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remain distinct, and required separate verdicts and judgments; and no defendant could be deprived, without its consent, of any right material to its defense."

This appears to have been a consolidation solely for the purpose of trying the cases together and not under an Act merging the causes. In the case of National Union Fire Insurance Co. v. C. & O. R. R., D.C., 4 F.Supp. 25, such a consolidation was termed a "quasi consolidation", such as appeared in the Cooper case, Cooper v. American Stores Co., D.C., 25 F.2d 916, for the convenience of "proof and hearing."

■ This court has read with much interest the opinion of the learned Judge of the Western District of Louisiana, in the case of Fried v. State Life Insurance Company, 10 F.Supp. 369, 370, in which it was stated that it is impossible to "conceive that a ruling by the state court could give jurisdiction for removal purposes, where otherwise it [such jurisdiction] did not exist. No authoritative decision by an appellate court or by the Supreme Court has been found." In the opinion, the Encyclopedia of Federal Practice, Vol. 2, pps. 68, 69, on Removal of Causes, is cited: "If plaintiff rightfully brings separate suits on causes of action which he could have joined, no right of removal exists where the amount sued for in each case is less than the jurisdictional amount, and this is true even though the court consolidates the cases for proof and hearing."

The above language appears conclusive if consolidation as used by section 9497, Alabama Code, means only a consolidation for "proof and hearing", or to avoid inconveniences, etc. On the other hand, if the consolidation contemplated by section 9497 of the Alabama Code means the merging of the two cases into one, a different construction is found and different results must follow.

The word "consolidation" as defined in Webster's Dictionary is: "to join in or cause to proceed as a single action; said of causes of action or of actions started separately", and as defined in 2 Words and Phrases, First Series, p, 1451, consolidation is the "uniting in one suit of two or more actions separately begun".

■ Consolidation is not a matter of right enjoyed by either party to a suit under the above Code section. It is only permissive, and done in the discretion of the court.

■ There appears to be a difference between consolidating several actions into one for trial and trying several actions together.

Corpus Juris Secundum, Actions, vol. 1, p. 1341, § 107, states the distinction between the two and defines "consolidation of actions" as meaning the merging of two or

more actions into one so that they lose their separate identity, while in the "trial of several actions together", "each retains its separate character and requires the entry of a separate judgment. The failure to distinguish between these methods of procedure which are entirely distinct, the * * * latter, strictly speaking, not being a consolidation, a fact which has not always been noted". See 1 C.J. 1121, paragraph 308; also 1 C.J. 1136, paragraph 349.

The reasoning in the case of Nat. Union Fire Ins. Co. v. C. & O. Ry. Co., D. C., 4 F.Supp. 25, 32, appears to be sound, and I am in accord with the following views of the court therein expressed:

"The court had the right to order them consolidated and thereby put an end to the separate actions and bring into existence a single action exactly the same as if plaintiff had brought it in the first instance. Had plaintiffs moved for the order of consolidation and substituted a single petition for the original petition, it could hardly be claimed that the action did not thereupon become removable. The fact that the order was made on defendants' motion or may have been made on the court's own motion should make no difference. The removability was settled by the fact that the order of the consolidation, however it came to be made, for the first time brought into existence an action the amount in controversy in which was sufficient to confer federal jurisdiction. * * *

"Such being the case, I can conceive of no reason why this new and distinct action, having no previous existence but being created, i. e. coming into existence, for the first time by reason of the order of consolidation, the amount in controversy being sufficient, does not at once become removable to the federal court, just as much so as if a single action had been brought in the first instance."

A Montana statute similar to the Alabama Code, Section 9497, was construed in Handley v. Sprinkle, 31 Mont. 57, 77 P. 296, 298, 3 Ann.Cas. 531, as follows: "In our judgment, the consolidation of actions * * * merges all the actions consolidated into one suit. There may be many causes of action, but the effect of consolidation is to join them all in one suit. If this is true, there can be but one judgment in the consolidated suit, and this judgment must settle all the issues involved. All the suits consolidated are ended as separate suits, and exist thereafter only as parts, respectively, of the consolidated suit."

In Herren v. Beck, 231 Ala. 328, 164 So. 904, and in Ex Parte Green, 221 Ala. 415, 129 So. 69, it was held that consolidation in equity does not destroy the identity of either action. In the Herren case the court said [231 Ala. 328, 164 So. 905]: "Consolidation in equity did not have the effect of causing the two suits to become one, and thereby to destroy their identity *as at law*." (Italics supplied)

A review of the Alabama decisions leads to the conclusion that in consolidations ordered by the State Courts under Code 9497, the identity of each suit is destroyed and the several actions are merged into one.

The Supreme Court of Alabama in Wilkinson v. Black, 80 Ala. 329, consolidated several suits upon which one verdict was rendered, and on appeal the Court said: "The judgment is affirmed". Likewise in Birmingham Flooring Mills v. Wilder, 85 Ala. 593, 5 So. 307, 308, where two actions ex contractu were consolidated, the Court said: "We discover no error in the record, and the judgment is affirmed." In Garrison v. Glass, 139 Ala. 512, 36 So. 725, where there was a verdict and a judgment, the Court again held that consolidation was proper. See, also, Cooke v. Cook, 110 Ala. 567, 20 So. 64; Mahan v. Smitherman, 71 Ala. 563; Southern Railway Co. v. Clarke, 203 Ala. 248, 82 So. 516; Winfield Lumber Co. v. Partridge, 202 Ala. 437, 80 So. 821.

The case of Colburn v. Hill, 6 Cir., 101 F. 500, involved consolidation of a suit after its removal to a Federal Court, with another suit between some of the parties afterwards commenced in the Federal Court.

The plaintiff urges that the Holmes case, Holmes & Co. v. U. S. Fire Ins. Co., C.C., 142 F. 863, and the Waltman case, Waltman v. Union Central Life Ins. Co., D.C., 25 F.2d 320, are both decisive of the question here. The latter of these cases holds that joinder is a voluntary act and cannot be compelled by the defendant. That plaintiff at his option may sue in the aggregate or upon each separate cause and not be said to have fraudulently invoked jurisdiction. It appears that the District Court in that case was acting under the Federal consolidation statute and not upon an order of a state court consolidating the causes. The consolidation order by the

State Court of Alabama was made by that Court in its discretion, and when the State Court ordered a consolidation under Code section 9497, such order merged the two actions into one. It matters not whether the order is made on motion of either party or of the courts own motion.

In the Holmes case, C.C., 142 F. 863, 866, the Chancellor of a Tennessee Court ordered the causes consolidated for the purpose of "taking proof and hearing", · while the order of the State Court in the case here cannot be said to · have been made merely for "taking proof and hearing."

While the Court in the Holmes case said: "[The complainants] having elected to bring a suit on each policy separately, they have a right to prosecute each suit to a final decision in their own way", another Court held in Nat. Union Fire Ins. Co. v. C. & O. Ry. Co., D.C., 4 F.Supp. 25, 32, that no such right existed.

█ If the above language in the Holmes case is to be literally applied, there could be no consolidations. A plaintiff has a right to bring his suits separately or he may join them as he chooses, but there his right may be terminated. Under the consolidation statute, both Federal and State, the Court, against his will, may order the causes consolidated for the sake of convenience of the trial, as in the case of the Federal consolidation statute, or his causes may be merged into one under an order of consolidation by a State Court where such statutes are provided.

█ The Supreme Court of Alabama in the Ashton case, supra, held that at common law, actions which could not be joined in the same complaint could not be consolidated. The test of the common law is: (1) "The actions must be pending all perfect and complete at the same time; (2) the actions must be between the same plaintiff and the same defendant; (3) the actions must be such as may be joined."

Here we have two suits between the same parties growing out of substantially the same contract with substantially the same defense in each case. The plaintiff could have joined both actions in one. Had he done so, can it be said that Federal jurisdiction could not be invoked? He did have the right to choose his forum in which to sue and he might have sued in a joint action in the State Court, yet the defendant,

under his constitutional and statutory right, would have been entitled to removal.

█ Much stress is laid on the suggestion that the consolidation was involuntary as to the plaintiff and he cannot be coerced into trial of his cause in a different court from that of his choice. There is an element of coercion in every case removed. Neither a consolidation nor a removal is usually had with the approval or the consent of the party whose cause is consolidated or removed.

In determining the first question involved here, whatever doubt may arise as to the effect of a consolidation order of the Court of the State of Alabama under Section 9497 should not be resolved against a party seeking to exercise a right provided by the Constitution and the Act of Congress.

The following quotation from the opinion in the case of Boatmen's Bank of St. Louis, Mo. v. Fritzlen, 8 Cir., 135 F. 650, 654, 655, appeals to me as being reasonable and sound:

"For purposes deemed wise by the founders and conservers of this nation, the Constitution and the acts of Congress have granted to its citizens the right to the hearing, the trial, and the independent judgment of the courts of the United States upon certain controversies which arise between citizens of different states, and have intrusted to these courts the protection and preservation of that right. No sound reason occurs why those whose oaths and duty require them to enforce this Constitution and these laws, and to sustain and give effect to this valuable and important right, should resolve every doubt against the enforcement of the Constitution and the acts of Congress, and against the protection and exercise of the right.

\* \* \* \* \* \*

"Every conscientious judge, every thoughtful man, upon whom is laid the grave responsibility and the heavy burden of determining the rights of his fellows, rejoices in the thought, wherever such is the case, that his decision may be reviewed, and that, if erroneous, it will not work irreparable injustice to him whom he deems it his duty to defeat. When a case has been removed from a state to a federal court, and a motion to remand it is made, or when a motion to remove it is presented in the first instance to the federal court, the petitioner either has or he has ·not the right to the trial and decision of his con-

troversy in that court. That right is of sufficient value and gravity to be guarantied by the Constitution and the acts of Congress. If it exists, and the Circuit Court denies its existence, and remands or refuses to remove the suit, the error is remediless, and it deprives the petitioner of his constitutional right. If the right does not exist, and the court affirms its existence and retains the suit, the error may be corrected by the Supreme Court. An error that the aggrieved party may correct is less grievous than one that is without remedy. And the true rule is that motions to remand and for removal should be decided, not by the existence of doubts, but by the preponderance of the facts, the law, and the reasons which condition them, in view of the fact that the right to invoke the jurisdiction of the federal court is a valuable constitutional right, and an erroneous affirmance of the claim to that right may be corrected by the Supreme Court upon a certificate of the question of jurisdiction, while an erroneous denial of the claim is remediless.

"A striking illustration of the wisdom of this rule may be found in the history of the case of Union Terminal Ry. Co. v. Chicago, B. & Q. R. Co. (C.C.) 119 F. 209. That suit was commenced in the state court; was removed to the United States Circuit Court for the Western District of Missouri, where a motion to remand was heard and decided by Thayer, Circuit Judge, and Philips, District Judge. The grave and doubtful questions which the motion presented are disclosed by the opinion of the learned District Judge. The motion was denied. The decision subsequently received the approval of a majority of the Supreme Court in Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462. If the Circuit Court had denied its jurisdiction and remanded this case to the state court, it would have deprived the petitioner of its right, and left it without power to regain it."

■ Assuming that Federal jurisdiction in this cause applied immediately upon the filing of the petition to remove, giving bond, and meeting the requirements of the statute, the amount sued for is determined by the aggregate of the sums claimed in each suit.

■ In the case of the Mutual Life Insurance Co. of New York v. Rose, D.C., 294 F. 122, and Yates v. Whyel Coke Co., 6 Cir., 221 F. 603, both filed in the Federal Court, it was held that the aggregate amount for which judgment was prayed upon several claims on insurance policies determines the jurisdictional amount. In New York Life Ins. Co. v. Marshall, D.C., 21 F.2d 172, involving a cancellation of two insurance policies for $2,500, the aggregate amount was considered for jurisdictional purposes since they were between the same parties of the same character and grew out of substantially the same transaction. The actual amount in dispute, the value of the rights involved, control in determining the jurisdiction. In the Kimel case, Kimel v. Mo. State Life Ins. Co., 10 Cir., 71 F.2d 921, 924, the Court said: "Where the plaintiff has several demands against the defendant which he may join in one action, the aggregate of those demands exclusive of interest and costs is the amount in controversy."

In actions on several notes, bonds and the like, the requisite jurisdictional amount is the aggregate of the judgment prayed for. Edwards v. Bates County, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155. See, also, Provident Mut. Life Ins. Co. v. Parsons, 4 Cir., 70 F.2d 863; Hughes, Fed.Practice, Vol. 1, §§ 412, 485.

I am constrained to hold, therefore, that the consolidation in the State Court of the two suits of the plaintiff Bley merged them into one action, wherein the amount in controversy is the aggregate of the sums claimed, which is more than $3,000. Therefore this cause is properly in the Federal Court and became removable upon the order of consolidation by the State Court.

The motion to remand is denied.